## WARREN, *alias* CUMMINGS, *v.* THE STATE.

1. A woman was indicted for the murder of her husband. The evidence showed that she admitted the killing, but asserted that it was the result of an accident while she and her husband were scuffling over a gun. Other evidence showed that she had gone to a house near by and bor-

rowed gun-shells on the statement that her husband desired to shoot some wild chickens, but that she had carried a gun with her and left it on the side of the road before reaching the house to which she was going. There were bloodstains on the bed in the house of the couple, and a pillow was found under another bed, with a hole shot in it, and with bloody pieces of flesh and teeth forced into it. The deceased was shot in the face with a gun, the shot tearing away part of his mouth and teeth. The defendant ran away and was captured about two years thereafter. There was evidence tending to show that she and her husband had had some fusses before the homicide. *Held*, that the evidence authorized a charge to the effect that where a homicide is shown to have been committed by the accused, the law presumes that it was malicious, until the contrary appears, unless the evidence adduced by the State shows justification, or mitigation, or excuse; and that if it does not do so, it devolves on the defendant to show such justification, mitigation, or excuse.

2. The evidence was sufficient to support the verdict, and there was no error in overruling the motion for a new trial.

JULY 15, 1913.

Indictment for murder. Before Judge J. B. Park. Hancock superior court. April 29, 1913.

*T. M. Hunt,* for plaintiff in error.    *T. S. Felder, attorney-general,* and *J. E. Pottle, solicitor-general,* contra.

LUMPKIN, J. Bell Warren was indicted for the murder of Eugene Warren, her husband. She admitted the killing, but stated that her husband intended to go to the swamp to shoot some wild chickens, and that she and he got into a scuffle over the gun, and it was accidentally discharged, causing his death. The evidence for the State showed, that she came out of the house where they lived, carrying a shot-gun, and went to a house located near by and borrowed some gun-shells, alleging that her husband desired to shoot chickens; that before reaching the house to which she went she left the gun on the side of the road; that, after she obtained the shells, she returned to the house where she lived, and in a very few minutes a gun was heard to fire, and when other persons went to the house, her husband was found dying on the floor beside the bed. There was also evidence that there were signs of blood upon the bed, as if the deceased had been lying down, and that a pillow was afterward found in another room under a bed located there, which showed signs of a charge of shot having penetrated it at close range, carrying into the pillow bloody flesh and teeth. The deceased was shot in the face, the shot tearing away a part of his jaw and mouth and some of his teeth. A witness

testified that prior to the killing the defendant and her husband had not lived in perfect amity. After the killing she ran away, and was captured some two years later. She sought to explain this by saying that the father of her deceased husband had told her to leave; but he denied this. These facts were sufficient to bring the case within the ruling made in *Mann* v. *State,* 124 *Ga.* 760 (53 S. E. 324, 4 L. R. A. (N. S.) 934), and other cases following it, so as to authorize a charge to the effect that if a homicide is shown beyond a reasonable doubt to have been committed by the defendant, the law presumes that it is malicious until the contrary appears, unless the evidence adduced by the State shows justification or mitigation or excuse; and that if the evidence adduced by the State does not show circumstances of justification, mitigation, or excuse, it would then devolve upon the defendant to show such circumstances in order to reduce the homicide from murder to manslaughter or to justify it.

2. The evidence was sufficient to support the verdict, and the refusal of a new trial was not error.

*Judgment affirmed. All the Justices concur.*