## McCOY *v.* THE STATE.

1. The exception to the court's omission to instruct the jury on "the law of cooling time" is not sustainable.
2. The court having charged fully on the law of justifiable homicide and the right to resist a felonious assault, an alleged omission to charge "on the right to arm himself for self-protection only, after his life had been threatened," presents no cause for new trial.
3. In view of the charge as given, and of the evidence, an omission to charge in the language of the Penal Code, § 76, was not erroneous.
4. There being no evidence tending to show a mutual intent to fight, and the court having charged fully on the law of voluntary manslaughter, there was no error in omitting to charge on the law of mutual combat in that connection.
5. The instructions on evidence of character of the accused and the deceased were not open to the criticism that they confused the jury.
6. The instruction excepted to, on the subject of justifiable homicide, was not subject to the criticism that it cut off the right of self-defense unless an assault was committed on the accused by the deceased.
7. The instruction as to the State's contention did not "cut the defendant off from the right to arm himself, not for the purpose of committing murder, but for the purpose of defending himself."
8. The evidence authorized the verdict of murder.

No. 4095. MARCH 11, 1924.

Murder. Before Judge Malcolm D. Jones. Houston superior court. November 17, 1923.

Louis McCoy was indicted for the murder of Fletcher Whitfield. The jury found him guilty, with a recommendation to the mercy of the court; and he was sentenced to the penitentiary for life. He excepted to the refusal of a new trial. The amended motion for new trial contains ten grounds. Six of the grounds complain of the omission of the court to charge certain propositions of law, and four of the grounds complain of certain excerpts from the charge of the court.

*John R. Cooper* and *W. O. Cooper Jr.,* for plaintiff in error.

*George M. Napier, attorney-general, Charles H. Garrett, solicitor-general,* and *T. R. Gress, asst. atty.-gen.,* contra.

HILL, J.   1.   The first ground of the amended motion alleges error in the failure of the court to instruct the jury on "the law of cooling time," it being alleged that the evidence showed an assault upon the defendant by the deceased on the previous night, and the plaintiff in error contends that "this space of time was not cooling time." The evidence does not show that the deceased had made any actual assault upon the defendant on the night before the homicide, but it does show that the defendant heard the deceased say the night before that he was going to beat defendant's brains out the next morning with a singletree. The judge charged the jury the law of voluntary manslaughter, and among other things he instructed the jury: "In order to reduce a killing from murder to manslaughter you must find there was no malice, either express or implied, and no mixture of deliberation whatever, which may be voluntary upon a sudden heat of passion. Provocation by words, threats, menaces, or contemptuous gestures shall in no case be sufficient to free the person killing from the guilt of the [and] crime of murder. The killing must be the result of that sudden, violent impulse of passion supposed to be irresistible; for if there should have been an interval between the assault or provocation given and the homicide, sufficient for the voice of reason and humanity to be heard, the killing shall be attributed to deliberate revenge and be punished as murder." This charge, while not in the exact language of the code (the court omitting the words, "of which the jury in all cases shall be the judges"), includes the law of "cooling time," and under the evidence was more favorable than the defendant was entitled to. The evidence shows that, after the threatening words of the deceased the night before, the defendant "patched up a gun" during

the night and met the deceased early the next morning as the deceased was on his way to his work, and shot him with the gun without any provocation at that time. In these circumstances the question of cooling time cannot arise, and the law of voluntary manslaughter has no application; the evidence showing that the slayer premeditated the homicide and made careful preparation to take the life of the deceased and deliberately slew him on his first meeting with the deceased.

2. Complaint is made because the court omitted to charge the jury "on the right to arm himself for self-protection only after his life had been threatened." It is insisted that the omission of the trial judge to charge as contended was error, for the reason that the defendant had a right to arm himself, not for the purpose of killing the deceased, but to defend himself. What particular law plaintiff in error had in mind is not set out. The law does preserve the right of one to bear arms (Civil Code of 1910, § 6378; *Strickland* v. *State*, 137 *Ga.* 1, 72 S. E. 260, 36 L. R. A. (N. S.) 115, Ann. Cas. 1913B, 323), and it only regulates the manner in which the arms shall be carried. The court fully instructed the jury on the law of justifiable homicide, and fully covered the right of one to resist a felonious assault, if any, by the deceased upon the defendant.

3. Error is assigned because the court omitted to charge the jury section 76 of the Penal Code of 1910, which as follows: "The homicide appearing to be justifiable, the person indicted shall, upon the trial, be fully acquitted and discharged." The court had fully instructed the jury on the law of justifiable homicide, and it was not error for the judge to fail to charge this section. *Robinson* v. *State*, 118 *Ga.* 198 (4) (44 S. E. 985); *Vincent* v. *State*, 153 *Ga.* 278 (8), 296 (112 S. E. 120); *Worley* v. *State*, 136 *Ga.* 231 (71 S. E. 153). Besides, there was no evidence authorizing an instruction in the language of the section quoted. The uncontradicted evidence was, that, when the deceased and the defendant met at the well where the homicide occurred, the defendant told the deceased that he was going to kill him, and the deceased pleaded with the defendant not to do so. The deceased had no weapon in his hands; and when the defendant attempted to shoot the deceased, the latter picked his wife up in his arms and held her in front of him in order to prevent his being shot. One witness for the defendant did testify that while the deceased held his wife in his arms he made a

49

few steps towards the defendant; but there is nothing in the evidence to show that the deceased had any weapon either in his hands or about his person, or that he was attempting to make any assault upon the defendant whatever; and therefore the court very properly omitted to charge Penal Code § 76.

4. Error is assigned in the fourth and seventh grounds of the motion for new trial, because the court omitted to charge the jury the law of mutual combat in connection with voluntary manslaughter. There is no merit in these assignments of error. The court charged the jury fully on the law of voluntary manslaughter as applicable to the facts of the case. He also charged: "If you decide neither is right, then consider whether or not both of them wanted to fight, whether there was a desire for a mutual combat on the part of both, and whether they were both mad, and if they were, and if this killing was the result of a sudden heat of passion not mixed with any deliberation and without malice, or if you believe serious personal injury was attempted by the deceased on this boy, or other equivalent circumstances which would exclude the idea of deliberation or malice, either express or implied, consider whether it is manslaughter." There is nothing in the evidence tending to show that there was any mutual intention to fight on the part of the deceased and the defendant. As stated in headnote 3, the deceased was unarmed, pleading with the defendant not to shoot him, and was seeking to shield himself with the person of his wife at the time he was shot.

5. Exception is taken to the following charge of the court: "I charge you that you can consider the evidence of character, the character of the defendant and the character of the deceased. You give to that evidence of character, for the one side or the other, the force, weight, and credit which you may think it to be entitled to. You weigh it like you would any other evidence in the case, the evidence of good character on the part of the defendant, the evidence of violence on the part of the deceased, if there be any such evidence introduced in this case which might generate a doubt in the minds of the jurors as to the guilt or innocence of the accused. You take it for whatever you think it may be worth. If it does generate a doubt in your minds, it would be your duty to acquit the defendant. If, however, notwithstanding the evidence of good character, if the guilt of the defendant be made out beyond a reasonable doubt,

it would be your duty to convict him whether the defendant be of good·or bad character." The exception to this charge is that the court confused the jury in charging on good character of the defendant together with the violent character of the deceased. It is insisted that the court should have charged the jury that if the good character of the defendant was proved to their satisfaction, that might generate a doubt and work an acquittal. The charge as complained of is not open to the criticism made against it. The court in express language instructed the jury that if the evidence as to character "does generate a doubt in your minds, it would be your duty to acquit the defendant." *Johnson* v. *State,* 150 *Ga.* 67 (102 S. E. 439).

6. Complaint is made that the court erred in charging the jury as follows: "Now, on the subject of justifiable homicide, or self-defense, one has a right to kill in his own defense against any one who manifestly intends or endeavors by violence or surprise to commit a felony on either. In considering whether or not a certain homicide is reduced from murder to voluntary manslaughter I have already charged you that it would be necessary for the defendant to show an actual assault upon him, or an attempt on the part of the person killed to commit some serious personal injury, or other equivalent circumstances sufficient to exclude all idea of deliberation or malice." This charge is not open to the criticism that it cut the defendant off from the right of self-defense unless an assault was committed upon him by the deceased.

7. Complaint is made of the following charge to the jury: "In this case the State contends that the evidence shows beyond a reasonable doubt that this defendant, Louis McCoy, had some words with the deceased, Dummy Whitfield, the night before the homicide; that, brooding over these grievances or imagined grievances (and I am stating only the contentions of the State; I am not undertaking to state what the evidence was, but only what the State contends), that brooding over these grievances he got parts and pieces of an old gun lying around the house, that he patched the gun up; that he made from these pieces a weapon likely to produce death; that with intent of meeting and killing Dummy Whitfield he went to a certain well on a plantation in this county, and he waited for Whitfield, and when Whitfield appeared he called him

and told him that it was his last day on this earth; that Whitfield undertook to protect himself with the body of his wife, using her body solely as a means of protection to ward off the shot; but the defendant, as soon as the deceased put down his wife, with malice aforethought, either express or implied, and with deliberate intention to take a human life, shot Fletcher Whitfield without any provocation, without acting in self-defense, and with malice. If you believe that contention of the State beyond a reasonable doubt, it would be your duty to convict." This charge is not open to the criticism that "it cut the defendant off from the right to arm himself; not for the purpose of committing murder, but for the purpose of defending himself." Nor is it open to the other criticisms made upon it.

8. The evidence authorized the verdict, and the court did not err in overruling the motion for a new trial.

                *Judgment affirmed. All the Justices concur.*

Atkinson, J., concurs in the result.