## MILLER *v.* THE STATE.

No. 11771. April 15, 1937.

*R. Earl Camp, F. F. Shurling,* and *Fluker Tarbutton,* for plaintiff in error.

*M. J. Yeomans, attorney-general, J. Roy Rowland, solicitor-general, C. S. Claxton, Dave M. Parker,* and *E. J. Clower,* contra.

Russell, Chief Justice. Don Miller was indicted for the murder of Tobe Irwin. He waived formal arraignment, and pleaded not guilty. On the trial evidence was adduced, that witnesses saw deceased on the night of September 20, 1936, at a frolic; that defendant was there also; that deceased got killed there, but they did not know who killed him; that deceased "came up from some

place," and talked mad and said he was being mistreated; that deceased then went around a car, and a shot was fired; that this was about midnight; that the wife of deceased, or his woman, was there, but witnesses did not see defendant with her; that they did not hear deceased say anything except the above, did not hear defendant make any statement, and did not hear this woman say anything; and that in about half an hour after this woman got to the party "the fuss came up after Tobe got there and he got killed," and defendant's boy said immediately after the killing that "his daddy was in trouble." There was no evidence that the fuss was with defendant, or between defendant and deceased. The evidence did not show that they were or had been quarreling, or that there was any bad feeling between them, or that either had made threats toward the other. The testimony of the sheriff was that defendant, immediately after the shooting, came to him and surrendered, freely and voluntarily making the statement that he killed Tobe, and "that Tobe was fighting him. He said that they told him that after he killed him they found a knife lying by Tobe's body." He gave no reason why he killed Tobe, "other than Tobe was fighting him." The sheriff further testified that the body of deceased had not been moved when he got there. The sheriff and his deputy stated that a knife was lying under the arm of the deceased, partly open, when they got there. The deputy testified as to defendant's admission that he said Tobe was coming on him with an open knife, and they struggled, and deceased cut him on the arm, and he shot him, and then came immediately to the officers and told them to lock him up. There were some small cuts or wounds on defendant's arm, which he said Tobe inflicted. Defendant made this statement before the jury: "I am going to tell you just what happened on Saturday night. I was standing on the back of Melsy Harman's car, and Tobe had been saying he was going to kill me, and he was standing to the back of the car, and as I was going around there he grabbed me and struck me with the knife, and he struck me in the arm with the knife. He kept striking at me, and I grabbed my pistol and shot him. I told him not to come any further on me, and he kept coming on. I wouldn't have done it for nothing in the world, but he run in on me and tried to cut me. I was trying to hide behind the car from him when he made his expression of what he was going to do.

I come in to Wrightsville and give up to Mr. Brantley. I come to the city hall and told Mr. Brantley I had killed Tobe Irwin. I told him he run into me and cut me, and he said, "Where did he cut you?" and I said on my arm, and he asked me if he cut me anywhere else, and I told him .he didn't, and he asked me if anybody else was connected with it, and I told him, "No, sir." The jury found the defendant guilty of murder, and he was sentenced to life imprisonment. He excepted to a judgment overruling his motion for new trial.

When the defendant pleaded not guilty, this placed the burden on the State to prove the charge of murder. *Floyd* v. *State*, 182 *Ga.* 549, 550 (186 S. E. 556). In a trial for murder, it is absolutely necessary and essential that malice, express or implied, be shown. Without the existence of malice, the homicide is either justifiable or manslaughter. *McMillan* v. *State*, 35 *Ga.* 54. The burden was on the State to prove malice, and there can be no murder without malice. If a homicide is proved, and the evidence adduced to establish it shows neither mitigation nor justification, malice will be presumed from proof of the homicide; but the presumption is rebuttable, and may be overcome by evidence of alleviation or justification. *Boyd* v. *State*, 136 *Ga.* 340 (71 S. E. 416). But malice will not be presumed where the proof of the homicide is derived solely through an admission of the defendant, which itself presents matters of exculpation. *Wall* v. *State*, 5 *Ga. App.* 305 (63 S. E. 27); *Futch* v. *State*, 90 *Ga.* 472 (8) (16 S. E. 102); *Green* v. *State*, 124 *Ga.* 343 (4) (52 S. E. 431); *Mann* v. *State*, 124 *Ga.* 760 (53 S. E. 324, 4 L. R. A. (N. S.) 934). There was no evidence before the jury, independent of the admission and statement of the defendant that he killed deceased. There was no evidence that he was mistreating or had mistreated deceased. The evidence hardly permits an inference thereof to be drawn. If the jury did not believe the admission of the defendant, then there was no evidence that he killed the deceased. He told the sheriff and the other officer that he killed the deceased under circumstances that would either justify the act or at least mitigate it. He gave up immediately after the shooting. What meager evidence there is, other than this admission, tends to support the statement made by defendant, rather than to contradict it. Where a defendant admits the perpetration of the homicide,

but in connection with such statement gives explanation justifying or excusing his commission thereof, and there is no other evidence tending to show that he killed the deceased, and the circumstances are not such as to authorize the inference of malice, the evidence does not show malice, and will not support a finding of murder. *Manning* v. *State,* 153 *Ga.* 184 (111 S. E. 658); and see cases supra. Where the evidence relied on to show defendant's guilt of murder shows justification or mitigation, there is no presumption of malice therefrom. *Warren* v. *State,* 140 *Ga.* 227 (2) (78 S. E. 836); *Surles* v. *State,* 148 *Ga.* 537 (97 S. E. 538).

Applying the above principles to the facts of this case, there was no proof of malice, and the verdict was contrary to the law and evidence. The court erred in overruling the motion for new trial on the general grounds.

*Judgment reversed. All the Justices concur.*