WHITFIELD *v.* THE STATE.

HAWKINS, Justice. Rufus Whitfield was indicted for murder, at the November term, 1950, and was tried and convicted, with a recommendation of mercy, at the November term, 1952, of Burke Superior Court. To the judgment overruling his motion for a new trial he excepts. *Held:*

1. While, under the evidence and the statement of the defendant to the effect that the person killed threatened "to blow you over that dam store," and "twisted around like he was going to get something out of his pocket," the jury might have found that the defendant killed the deceased while acting under the fears of a reasonable man that his life was in danger or that a felony was about to be committed upon him by the deceased, and was therefore justified, such a verdict was not demanded, but the jury was authorized to find that the facts and circumstances surrounding the killing were not sufficient to excite such fears of a reasonable man, and that the defendant acted only from provocation by words used to him by the person killed. *Fudge* v. *State,* 190 *Ga.* 340 (9 S. E. 2d, 259); *Bivins* v. *State,* 200 *Ga.* 729 (1) (38 S. E. 2d, 273). The evidence authorized the verdict, and the general grounds of the motion for new trial are without merit.

2. Grounds 1 and 2 of the amended motion for new trial complain of the following charge to the jury: "Gentlemen of the jury, if you should find that the accused named in this indictment killed the deceased named in this indictment, the law would presume that the homicide was malicious until the contrary appears, unless the evidence adduced by the State shows justification, mitigation, or excuse, and if it should not so appear from the evidence of the State, it would devolve upon the defendant to show such justification, mitigation, or excuse." The charge here complained of is in accord with the principles announced

by this court in *Mann* v. *State,* 124 *Ga.* 760 (53 S. E. 324); *Ellison* v. *State,* 137 *Ga.* 193, 194 (2) (73 S. E. 255); *Warren* v. *State,* 140 *Ga.* 227 (78 S. E. 836); *Bivins* v. *State,* 200 *Ga.* 729, 730 (5) (38 S. E. 2d, 273), and many other cases there cited. The charge complained of did not unqualifiedly place upon the defendant the burden of showing justification, as contended by the defendant, but expressly recognized and stated to the jury that such proof of justification, mitigation, or excuse might appear from the evidence of the State, and that it was only when it did not so appear that "it would devolve upon the defendant to show such justification, mitigation, or excuse."

3. Ground 3 of the amended motion complains of the following charge to the jury: "In this connection, I charge you that if you believe that this defendant killed the deceased named in this indictment, and should further believe that at the time he killed him the deceased was making a felonious assault upon the person of this defendant with a weapon likely to produce death, or if you should believe that the deceased intended or endeavored by violence or surprise to commit a felonious assault upon the person of the defendant, or if you believe that the circumstances surrounding the killing were sufficient to excite the fears of a reasonable man that the deceased intended or was endeavoring to commit a felonious assault upon the defendant, and that he, acting under the influence of those fears and not in a spirit of revenge, shot and killed the deceased, then, in that event, the killing would be justified and you should not convict the defendant of anything." It is contended by the defendant that this charge was confusing and misleading, in that it gave the jury the impression that, if the deceased was not committing a felony on the defendant, and did not have on him a weapon likely to produce death, then they would not be authorized to find the defendant not guilty, and thereby deprived the defendant of the benefit of an apparent danger even if it should later develop that there was no real danger. Immediately following the excerpt here complained of, the trial judge further charged the jury: "It is not necessary that a felonious assault should have been committed upon the person of the defendant; nor is it necessary that the deceased shall have intended to commit a felonious assault upon the person of the defendant; provided that the circumstances surrounding the killing were such as to excite the fears of a reasonable man that a felonious assault was intended or was about to be committed upon the person of the defendant, and, acting under the influence of those fears and not in a spirit of revenge, the defendant killed the person named in the indictment, then, and in that event, the killing would be justifiable." When the two excerpts from the charge above quoted are considered together, the charge complained of is not subject to the criticism offered.

4. A charge in the exact language of the excerpt complained of in ground 4 of the amended motion for a new trial, delivered in substantially the same connection, and under similar circumstances, was held not to be erroneous in *Vun Cannon* v. *State,* 208 *Ga.* 608, 613 (5) (68 S. E. 2d, 586).

5. Ground 5 of the amended motion assigns error because the trial judge, after instructing the jury as to the forms of a verdict finding the de-

fendant guilty with and without a recommendation of mercy, further instructed the jury: "If you have resting on your minds a reasonable doubt as to the guilt of the defendant, give the benefit of that doubt to the defendant and acquit him, and, in that event, the form of your verdict would be, 'We, the jury, find the defendant not guilty.'" It is insisted that this charge took away the right of the jury to consider the question of whether or not the defendant acted in self-defense. This ground is without merit. The trial judge not only gave in charge to the jury the pertinent provisions of Code §§ 26-1011 and 26-1012, dealing with self-defense and justifiable homicide, but specifically charged the jury, as pointed out in the excerpts quoted in division 3 of the syllabus, that, if the defendant, acting under the fears of a reasonable man that his life was in danger or that a felony was about to be committed upon him, and not in a spirit of revenge, shot and killed the deceased, "then, and in that event, the killing would be justified and you should not convict the defendant of anything," and that "the killing would be justifiable."

6. In ground 6 it is alleged that, because the burden was upon the State to prove each and every allegation of the indictment, the trial judge erred in not charging, without request, that, "If the guilt of the accused has not been established by the State, you should acquit him, and if you believe that the accused acted in self defense, under the law to which I have called your attention, it would be your duty to acquit him." This ground is also without merit. The first clause of the above quotation was sufficiently covered by the following charge: "The burden is upon the State to prove each and every material allegation in the bill of indictment to a moral and reasonable certainty and beyond a reasonable doubt before you would be authorized to convict. . . The defendant enters upon the trial of this case with the presumption of innocence in his favor and that presumption remains with him throughout the trial until the State has by competent evidence proven to your minds and consciences, to a moral and reasonable certainty and beyond a reasonable doubt, that the defendant is guilty as charged before you would be authorized to convict him." The second clause was sufficiently covered by the charges referred to in the preceding headnote.

7. Ground 7 of the amended motion alleges that the court erred in not charging, without request, the provisions of Code § 26-1017, that "The homicide appearing to be justifiable, the person indicted shall, upon the trial, be fully acquitted and discharged." While we have held in a number of cases that, where the charge does not specifically, or in general terms, inform the jury that, if they should believe the defendant justified, it would be their duty to acquit him, it is error to fail to give this Code section in charge (*Fountain* v. *State,* 207 *Ga.* 144, 60 S. E. 2d, 433; *Boyd* v. *State,* 207 *Ga.* 567, 570 (3), 63 S. E. 2d, 394, and cases therein cited), where, as in this case, as pointed out in the 3rd and 5th headnotes, the trial judge does specifically instruct the jury that, if the killing took place as contended by the defendant, it would be justifiable, and they should not convict the defendant of anything, it is not error to fail to give in charge the exact language of Code §

26-1017. *Robinson* v. *State,* 118 *Ga.* 198 (44 S. E. 985) ; *Taylor* v. *State,* 121 *Ga.* 348, 356 (10) (49 S. E. 303) ; *Vincent* v. *State,* 153 *Ga.* 278 (8) (112 S. E. 120) ; *McCoy* v. *State,* 157 *Ga.* 767 (3) (122 S. E. 200) ; *Reed* v. *State,* 168 *Ga.* 731, 733 (13) (149 S. E. 23).

8. The trial judge did not err for any reason assigned in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating.*

No. 18206. SUBMITTED MAY 11, 1953—DECIDED JUNE 8, 1953.

*H. Cliff Hatcher,* for plaintiff in error.

*George Hains, Solicitor-General, Eugene Cook, Attorney-General* and *Rubye G. Jackson,* contra.