## 18402. EVANS *v.* THE STATE.

WORRILL, Justice. 1. The trial court did not err, as complained of in the seventh and eighth special grounds of the amended motion for new trial, in permitting two named witnesses to testify in the trial of the case over objection of the defendants, even though their names did not appear on the indictment at the time the case was called for trial, and they did not testify before the grand jury and their names were not on demand furnished by the prosecuting attorney to the defendant. Code (Ann.) § 2-105; *Taylor* v. *State,* 138 *Ga.* 826 (5) (76 S. E. 347); *Harris* v. *State,* 190 *Ga.* 258 (2) (9 S. E. 2d 182); *Holley* v. *State,* 191 *Ga.* 804 (3) (14 S. E. 2d 103).

2. The right of the defendant to a thorough and sifting cross-examination was not abridged, as complained of in the ninth and tenth special grounds, by the action of the trial judge in refusing to require a witness for the State who had testified where the bullet entered the head of the deceased, to put his finger to his head at the place where another witness for the State had indicated that the bullet entered, or in refusing to require the above witness to reveal who told him that a witness for the State, whose name did not appear on the indictment and who did not testify before the grand jury, knew something about the homicide. See, in this connection, Code § 38-1705; *Clifton* v. *State,* 187 *Ga.* 502 (4) (2 S. E. 2d 102); *Pulliam* v. *State,* 196 *Ga.* 782 (2) (28 S. E. 2d 139); *Post* v. *State,* 201 *Ga.* 81, 84 (39 S. E. 2d 1).

3. The instructions of the court, complained of in the fourth, fifth, and sixth special grounds, as to malice being presumed, though rebuttable, where a killing is shown and there is no evidence of justification or mitigation, and as to the rule in a criminal case where the guilt of the accused is wholly dependent upon circumstantial evidence, stated correct principles of law which were applicable to the case, and were not error for any reason assigned. See *Whitfield* v. *State,* 209 *Ga.* 804 (2) (76 S. E. 2d 405), and cases cited.

4. The evidence, though conflicting, was sufficient to authorize the verdict.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., not participating.*

SUBMITTED NOVEMBER 10, 1953—DECIDED JANUARY 11, 1954—REHEARING DENIED FEBRUARY 11, 1954.

A. Tate Conyers, for plaintiff in error.

Paul Webb, Solicitor-General, Jeptha C. Tanksley, Charlie O. Murphy, Eugene Cook, Attorney-General, Rubye G. Jackson, contra.

Russell Evans was indicted for the murder of his wife, Odessa. Upon the trial of the case there was evidence substantially as follows: The deceased was killed by a pistol bullet that entered above the left ear, and passed through the brain. The killing took place on Labor Day, September 1, 1952, in the kitchen of a dwelling house in which the defendant and the deceased resided. No other person was present when the homicide occurred, but two witnesses testified that they were at the dwelling around noon on the day in question and heard the defendant and the deceased arguing, at which time the defendant drew a gun, and told the deceased to shut up, that he ought to blow her brains out. Another witness testified that, about 3 or 4 o'clock on the afternoon of the homicide, the defendant told him that he and the deceased "were tussling over the gun and the gun went off." Upon arrival of the police at approximately 4:30 p. m., the body of the deceased was still warm, there were no powder burns on her, and all the furniture was intact. There was uncontroverted evidence that the defendant had never owned a pistol, but had acquired the pistol in question as a pawn from a named person on the morning of the homicide. Several witnesses for the State testified that the defendant and the deceased were on the best of terms, and that immediately prior to the homicide the defendant had gone with her to a hospital to visit her sister. The defendant in his statement to the jury denied that there had been any argument between him and the deceased on the morning the homicide occurred, and stated that the deceased grabbed the pistol, saying she wanted to put it up. He further stated that each had hold of it, and in the scuffle the pistol was accidentally fired and hit her. The jury returned a verdict of guilty with a recommendation for mercy. The exception is to a judgment denying the defendant's amended motion for new trial.