## 29586. JONES v. THE STATE.

HILL, Justice.

The appellant Robert Lee Jones was indicted by the grand jury for the murder of Jack Bell, tried before a jury in the Superior Court of Fulton County, convicted and sentenced to life imprisonment on July 23, 1974.

Upon the trial, Emily Louise Smith, who lived with the victim, testified that she and the victim were in their room at the rooming house where they and the appellant lived on the night of June 1, 1974; that about 11:50 p.m. the appellant knocked on a window near the front of the rooming house and she went to the front door to let him in; that the appellant asked where the victim was and she told him Bell was asleep; that the appellant began cursing loudly and Bell woke up; that the appellant entered the bedroom and asked Bell where his (Jones') car was; that the victim did part-time work on cars and had agreed to do some repair work on the appellant's car for $58; that Bell told the appellant to give him $58 and he could have the car; that the appellant then raised a shotgun and shot Bell as he lay in the bed; and that she ran out of the house screaming to get help.

Phillip Smith, Mrs. Smith's son who lived in a small house behind the rooming house, testified that he heard a shot and then saw his mother run out of the rooming house crying and saying "Jack had been shot." This witness

further testified that he saw the appellant come out of the rooming house with a shotgun, run towards a nearby liquor store, stop to unload the gun and put a spent shotgun shell on the ground.

The police officer who responded to a call to the house testified that he found the victim lying on the bed, with his legs hanging off the side of the bed, and a shotgun wound in his left side; that after obtaining information on the shooting he placed a lookout for the appellant; that he later received a call from another officer that a person seeming to fit the appellant's description was near the rooming house; that he immediately went up an alley at the rear of the rooming house and saw the appellant running toward another house with "what looked like" a 12-gauge shotgun in his hands; and that he stopped and disarmed the appellant. The police officer detected an odor of alcohol and noticed that the appellant appeared to be unsteady on his feet and was "mumbling that he had just shot a man and that he had shot Jack."

A homicide investigator testified that he responded to a call around midnight to the rooming house and found the victim dead as previously described, and that pursuant to his investigation he found an expended 12-gauge number six shotgun shell next door to the rooming house and a .32 caliber revolver and a 20-gauge shotgun, both unloaded and not recently fired, in the victim's room.

The appellant was the only witness in his behalf. He swore that the victim had taken his car without his knowledge or permission from another man with whom he had left it for repairs; that when he knocked on the window of the rooming house and Mrs. Smith let him in he asked her where the victim was, that he wanted to talk to him; that she called the victim, who was not asleep, and they had a dispute about the car; that he told the victim he was going to "get the white folks on it" and Bell said, "Goddam the white folks, nigger, I'll kill you right now; get out in front of my door before I kill you." The appellant testified that he then went to his room and got his shotgun and that when he started back towards the front door he thought Mrs. Smith was closing him in; that the victim was standing at the middle door and "had something" and

that was when he fired his shotgun; that he shot one time "across the door" and told Mrs. Smith to open the front door and he went on out to the parking lot; and that he knew the victim kept "all kinds" of weapons in his room.

The trial court charged the jury as to the defendant's presumption of innocence, the burden of proof upon the state, the meaning of "beyond a reasonable doubt," and the law regarding murder, voluntary manslaughter, justifiable homicide and self-defense.

The appellant's two enumerations of error are both based upon the following instructions to the jury given by the trial judge:

"Now, I charge you, ladies and gentlemen of the jury, that the law of this State provides that when the State's evidence shows the commission of a homicide by the accused by the use of a deadly weapon, the law presumes murder . . . [T]he law presumes every killing to be malicious unless the contrary appears from circumstances of alleviation, excuse or mitigation or justification. . . [T]he mere fact that the deceased was pursuing an illegal course of action in retaining the defendant's automobile for money he claimed due him would not constitute justification for homicide." At the jury's request for recharge on murder, voluntary manslaughter, justifiable homicide and self-defense, the foregoing instructions were repeated.

1. Appellant contends that the trial court erred in overruling his motion for new trial because its instructions on the presumption of malice and the presumption of murder arising from the commission of a homicide by use of a deadly weapon transferred the burden of proof to the appellant to prove his innocence. He relies upon the recent decision of *Jordon v. State,* 232 Ga. 749 (5) (208 SE2d 840) in support of this contention.

That case is clearly distinguishable from the instant situation. We there held that although the charges complained of were correct, they were not applicable to the evidence, stating at p. 755 as follows: "Where any of the state's evidence shows mitigating circumstances, justification, or alleviation, it is error to charge that malice will be presumed from the commission of the homicide with a deadly weapon, and that the burden rests

upon the accused to show justification or mitigation. See: *Mann v. State,* 124 Ga. 760 (1) (53 SE 324, 4 LRA (NS) 934); *Delk v. State,* 135 Ga. 312 (1) (69 SE 541); *Surles v. State,* 148 Ga. 537 (1) (97 SE 538); *Burley v. State,* 158 Ga. 849 (2) (124 SE 532); *Eich v. State,* 169 Ga. 425 (4) (150 SE 579); *Miller v. State,* 184 Ga. 336, 338 (191 SE 115); *Smithey v. State,* 219 Ga. 247 (3) (132 SE2d 666); *Williams v. Johnson,* 225 Ga. 654 (3) (171 SE2d 145)."

In *Jordon v. State,* supra, the state's evidence consisted of testimony by police officers as to statements made by the accused, which statements included an exculpatory explanation as to justification.

The evidence presented by the state here was clearly not "accompanied by an exculpatory explanation" made by appellant which would tend to justify or mitigate the homicide. The language complained of is identical or similar to charges which this court has approved as correct statements of the law. See *Fisher v. State,* 228 Ga. 100 (2) (184 SE2d 156); *Chandle v. State,* 230 Ga. 574 (198 SE2d 289); *McClendon v. State,* 231 Ga. 47 (2) (199 SE2d 904). Criminal law inferences (presumptions) are not per se burden-shifting and hence unconstitutional. Barnes v. United States, 412 U. S. 837 (93 SC 2357, 37 LE2d 380). The charges complained of were adjusted to the evidence and did not shift the burden of proof to the appellant to prove his innocence.

2. The appellant's second enumeration is that the trial court improperly emphasized the offense of murder in its instructions by "consistently" charging on malice and murder, and summarized the evidence in argumentative fashion and took certain portions thereof out of context to appellant's detriment.

The transcript reveals that the jury requested the court to recharge on the definitions of murder, voluntary manslaughter, justifiable homicide and self-defense. The rule is well-settled that "Where the jury requests further instructions upon a particular phase of the case, the court in his discretion may recharge them in full, or only upon the point or points requested. [Cits.]" *Shouse v. State,* 231 Ga. 716, 720 (203 SE2d 537).

The repeating of the requested charges was not error and the entire charge, taken as a whole, did not point out

or impress upon the jury "numerous minute circumstances tending to implicate the accused . . . with no corresponding statement of the points insisted on in behalf of the defense," as argued by the appellant. See *Brantley v. State*, 115 Ga. 229, 231 (41 SE 695). Rather, the court fully charged the contentions of both the appellant and the state, including the appellant's contention that the killing was done in self-defense.

We consider the charge taken as a whole, with each part considered with every other part, to constitute a correct and complete statement of the applicable points of law.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 17, 1975 — DECIDED APRIL 8, 1975.

*John T. Chason,* for appellant.

*Lewis R. Slaton, District Attorney, Carole E. Wall, Assistant District Attorney, Arthur K. Bolton, Attorney General, G. Thomas Davis, Assistant Attorney General,* for appellee.