S03A0690. SALYERS v. THE STATE.
(580 SE2d 240)

THOMPSON, Justice.

Defendant Larry Salyers was convicted of felony murder in connection with the death of Joe Smith.[1] He appeals, asserting, inter alia, the trial court erroneously instructed the jury. Finding no error, we affirm.

Viewing the evidence in a light to uphold the verdict, we find the following: Salyers was visiting Smith's girlfriend, Theresa Hagen, when Smith came home. Smith and Hagen started arguing and, when Salyers intervened, Smith and Salyers started to scuffle. Salyers pulled a knife and stabbed Smith in the back and chest. Smith ran to the home of a neighbor for help; he said that Salyers stabbed him; then he fell to the floor. Salyers appeared in the neighbor's doorway and asked, "Where is he at?" In the meantime, the sheriff appeared on the scene. He asked Salyers to wait outside while he looked after Smith. Salyers did not wait; he ran to a wooded lot and the sheriff followed him.

The sheriff caught Salyers and placed him under arrest. He was carrying a blood-stained knife in his right front pants pocket. The blood on the knife matched that of the victim.

Smith died at the hospital a little more than an hour after he was stabbed. The wound to Smith's back was not fatal; however, the wound to Smith's chest pierced the pericardial sac and caused his death. Smith did not have a weapon on his person; he did have a cigarette lighter.

One or two days before the stabbing, Salyers told one of his sisters that Smith and others owed him money and that, if they did not pay up, they would be "dead men by dark." Salyers told another sis-

---

[1] Smith was killed on October 1, 1997. The grand jury indicted Salyers on January 13, 1998, and charged him with malice murder, felony murder (predicated on the underlying felony of aggravated assault), and aggravated assault. Trial commenced on March 8, 1998, and the jury rendered its verdict on March 11, finding Salyers not guilty of malice murder, and guilty of felony murder and aggravated assault. The trial court merged the aggravated assault and felony murder convictions and sentenced Salyers to life in prison for felony murder. Salyers' timely filed motion for a new trial was denied on December 4, 2002, and Salyers filed a notice of appeal on December 30, 2002. The case was docketed on January 22, 2003, and submitted for a decision on briefs on March 17, 2003.

ter that he was going to kill Smith, bury him, and run off with Hagen.

Salyers made several statements to the police. In each statement, Salyers gave a different version of events: At first, Salyers denied that he stabbed anyone. Then, he said that Smith and Hagen argued, and he gave Hagen a knife; that she gave the knife back to him; and that Smith ran outside and he followed to see if Smith was hurt. Next, he admitted stabbing the victim — in the back — and chasing him to a neighbor's house. Finally, Salyers acknowledged that he struggled with Smith and pulled out a knife, but claimed the knife was knocked out of his hand and he did not remember stabbing Smith.

At trial, Salyers told another story. He said that Smith hit and slapped Hagen and he tried to restrain Smith; that Smith splashed fuel on him, said he would send him to hell, and tried to set him on fire with a cigarette lighter; that he pulled a knife to threaten Smith, but Smith disarmed him and ran outside; that he followed Smith and asked him to "talk this over"; and that he did not remember stabbing Smith, although there is a "possibility" that he did so, albeit unintentionally.

1. The evidence is sufficient to enable any rational trier of fact to find Smith guilty beyond a reasonable doubt of felony murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial court did not err in refusing to charge the jury on reckless conduct. "Reckless conduct is an act of criminal negligence, rather than an intentional act, that causes bodily harm or endangers the bodily safety of another. *Bowers v. State*, 177 Ga. App. 36 (338 SE2d 457) (1985)." *Lindsey v. State*, 262 Ga. 665, 666 (2) (b) (424 SE2d 616) (1993). The record is devoid of evidence of reckless conduct. The evidence established either that Salyers committed the offense of aggravated assault, or that he was justified in stabbing Smith. It did not show that Salyers was negligent when he pulled out the knife. Id.; *Hall v. State*, 235 Ga. App. 44, 46 (4) (508 SE2d 703) (1998).

3. In connection with its charge on voluntary manslaughter, the trial court instructed the jury that the killing may be attributed to murder if there were "an interval between the provocation and the killing sufficient for the voice of reason and humanity to be heard." See *Moore v. State*, 228 Ga. 662, 667 (8) (187 SE2d 277) (1972). This charge adequately covered the law of "cooling time." See *McCoy v. State*, 157 Ga. 767, 768 (122 SE 200) (1924). Thus, it cannot be said the trial court erred in refusing to charge that cooling time varies with the circumstances of each case. See *Hamby v. State*, 71 Ga. App. 817, 818 (4) (32 SE2d 546) (1944). A trial court is not required to charge the precise language of a request as long as it adequately cov-

ers the legal principle in question. *Barron v. State*, 261 Ga. 814, 816 (4) (411 SE2d 494) (1992); *Jenkins v. State*, 260 Ga. 231, 232 (2) (391 SE2d 397) (1990).

4. The trial court's charge on justification and excessive force, taken from the Suggested Pattern Jury Instructions, was a correct statement of the law. *Clark v. State*, 271 Ga. 27, 29 (2) (518 SE2d 117) (1999). It was not unduly repetitive, argumentative, or prejudicial.

5. Salyers asserts his trial counsel was ineffective because he (1) met with Salyers only three times prior to trial; (2) investigated the case himself and did not seek the help of an investigator; (3) failed to subpoena witnesses who would have testified on Salyers' behalf; (4) neglected to inform the court that Salyers had conflicts with two prospective jurors; and (5) failed to have Salyers testify at a *Jackson-Denno* hearing. At the motion for new trial, counsel testified that he practiced law for more than nine years and was the Public Defender for the Northern Judicial Circuit for over three years; that he met with Salyers numerous times; that he investigated the case himself; that he contacted all of the witnesses that Salyers told him about and none of them were helpful; and that he went to the crime scene to seek out additional witnesses. Counsel also averred that he did not recall being told that Salyers had had conflicts with potential jurors; that, in fact, he told Salyers that he had worked on another project with one of the panelists and thought he would be a good juror; and that he did not want Salyers to testify at the *Jackson-Denno* hearing because he wanted to avoid giving the prosecution more ammunition.[2] The trial court denied the motion for new trial, finding that trial counsel's performance was not deficient.

In reviewing the trial court's findings and conclusions on a claim of ineffective assistance of trial counsel, "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." *Suggs v. State*, 272 Ga. 85, 88 (526 SE2d 347) (2000). In order for a defendant to establish an ineffective assistance claim, he must show that counsel performed deficiently, and "that the deficient performance prejudiced his defense such that there is a reasonable probability that, but for the unprofessional conduct, the outcome of the trial would have been different." *Washington v. State*, 274 Ga. 428, 430 (554 SE2d 173) (2001). Salyers did not carry his burden to show that his trial counsel's performance was deficient, or that, even

---

[2] We note that at trial Salyers testified that all of his statements were made freely, voluntarily, and knowingly. Thus, Salyers' testimony at the *Jackson-Denno* hearing would not have aided his cause. See *Byrd v. State*, 274 Ga. 58, 60 (2) (548 SE2d 2) (2001) (trial counsel was not deficient for waiving *Jackson-Denno* hearing where defendant did not demonstrate basis to suppress statement).

if it were, there is a reasonable probability the jury would have found him not guilty. Id.; *Vaughns v. State*, 274 Ga. 13, 15 (6) (549 SE2d 86) (2001).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 5, 2003.

*Ramon J. Fajardo*, for appellant.

*Robert W. Lavender, District Attorney, Thurbert E. Baker, Attorney General, Madonna M. Heinemeyer, Assistant Attorney General*, for appellee.