### 25374. WILLIAMS v. JOHNSON, Sheriff.

NICHOLS, Justice. Rufus Williams filed the present petition for writ of habeas corpus after being convicted of murder and receiving a life sentence. The petition contends that evidence of oral confessions was admitted without a showing of voluntariness, that the trial court erred in failing to charge on manslaughter, and in charging on the presumption of malice. *Held:*

1. The contention that the defendant's constitutional rights were violated under the decision in Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694, 10 ALR3d 974), is without merit where the admissions admitted in evidence were not the result of in-custody interrogation, but were admissions made by the defendant wthout interrogation. As to the admission to the sheriff, a separate hearing by the trial court was held and a finding as to voluntariness made. As to the admission to the chief of police, no objection was made to such evidence on the trial of the case. The rights of the prisoner were not violated by the admission of such evidence. See *Green v. State,* 223 Ga. 611, 613 (157 SE2d 257) ; *Clark v. Smith,* 224 Ga. 766 (164 SE2d 790) ; *Franklin v. State,* 114 Ga. App. 304 (151 SE2d 191).

2. Under the decision in *Burton v. State*, 223 Ga. 393 (3) (156 SE2d 74), and cases there cited, the alleged refusal to charge on various grades of manslaughter shows no ground for reversal of the judgment denying the petition for writ of habeas corpus. Here, as in that case, no particular degree of manslaughter was allegedly presented by the evidence.

3. The remaining contention of the prisoner is that the trial court shifted the burden of disproving malice once the State had proved the defendant killed the deceased. The charge complained of was as follows: "I further charge you that where the killing is proved to be the act of the defendant, the presumption of innocence with which he enters upon the trial is removed from him and the burden then is upon him to justify or mitigate the homicide." This charge is erroneous where any of the State's evidence shows mitigating circumstances, justification or alleviation. See *Crawford v. State*, 12 Ga. 142; *Green v. State*, 124 Ga. 343 (4) (52 SE 431); *Mann v. State*, 124 Ga. 760, 764 (53 SE 324, 4 LRA (NS) 934). As was held in *Crawford v. State*, supra: "If the defense is made out by the witnesses on the part of the *prosecution*, then the defendant need not call any; but if not, then the defendant must call witnesses, and make out his defense by proof." This principle has been consistently followed and applied by this court. See *Smith v. State*, 203 Ga. 317, 324 (46 SE2d 583); *Ayers v. State*, 214 Ga. 156, 160 (103 SE2d 574), and citations.

Where, however, as in the present case, the State's evidence showed nothing to mitigate or justify the killing, the charge was not harmful error.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 8, 1969—DECIDED SEPTEMBER 29, 1969—
REHEARING DENIED NOVEMBER 6, 1969.

*Albert M. Horn*, for appellant.
*D. E. Turk, District Attorney*, for appellee.