## 45598. JOHNSON v. THE STATE.

JORDAN, Presiding Judge. This is an appeal from a judgment of conviction and sentence for simple assault.

1. A person commits a simple assault when he commits an act which places another in reasonable apprehension of immediately receiving a violent injury. *Code Ann.* § 26-1301 (Ga. L. 1968, pp. 1249, 1280). The alleged victim testified that the accused "walked by and took me by the arm, asked me to go outside, he wanted to talk to me." Continuing, he testified, "He asked me if I didn't believe he'd kill me if I didn't stay away from his daughter, and he took the pistol out of his pocket and a pint bottle fell out of his pocket, and he laid the pistol on my chin." Responding to another question, he stated, "He went on talking, he was drinking pretty heavy, and he told me he'd kill me if I didn't stay away from his daughter." Even though the threats accompanying the use of the pistol may have been indicative only of a conditional intent to inflict bodily harm, the circumstances also clearly disclose a situation whereby the jury could determine that the alleged victim, with a pistol pointed at him, was in reasonable apprehension of immediately receiving a violent injury. The evidence clearly supports the verdict of guilty.

2. The transcript fails to disclose any evidence to warrant instructions on justification under *Code Ann.* §§ 26-901, 26-902 (Ga. L. 1968, pp. 1249, 1272), or to show that the trial judge, in sustaining objections during the questioning of the alleged victim by counsel for the accused, deprived the accused of the benefit of a thorough and sifting cross examination on relevant and material matters to support a defense of justification in pointing a pistol at another. Even if the alleged victim had endangered the life of the accused's daughter by the reckless driving of his automobile in which she was a passenger at some time previously to the alleged assault, this fact affords no legal justification for entering a room where the alleged victim was present, inviting him outside, and pointing a pistol at him, accompanied by threats. The second and third enumerations are without merit.

3. The accused in his unsworn statement referred to hearsay reports that the alleged victim had continued to see his daughter despite the written request of the accused to stay away from her. This the victim denied and the accused produced no witnesses to corroborate his statements in this respect. The district attorney in his argument alluded to this by quoting from a Supreme Court Justice to the effect that "when a man knows that he's charged with something and has the means to refute it and does not refute it, then it would be contrary to all human experience for you to place any other presumption on that except he couldn't do it." We consider this argument as within legitimate bounds in respect to the weight to be given to the accused's statements concerning the conduct of the alleged victim, in contrast to the weight to be given the testimony of the victim concerning his conduct preceding the alleged assault.

*Judgment affirmed. Eberhardt and Pannell, JJ., concur.*
ARGUED SEPTEMBER 11, 1970—DECIDED SEPTEMBER 29, 1970.

*Millard C. Farmer, Jr.,* for appellant.