26748.   FISHER v. THE STATE.

SUBMITTED SEPTEMBER 16, 1971—
DECIDED SEPTEMBER 27, 1971.

*Glenn Zell,* for appellant.
*Lewis R. Slaton, District Attorney, Joel M. Feldman, Carter Goode, Creighton W. Sossomon, Tony H. Hight, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, W. Hensell Harris, Jr., Assistant Attorneys General,* for appellee.

ALMAND, Chief Justice. Under an indictment charging him with the offense of murder of Willie M. Miller by shooting with a pistol, the appellant Robert W. Fisher, was, on his trial, found guilty and sentenced to life imprisonment. His amended motion for a new trial was overruled and notice of appeal was filed.

Error is enumerated on three grounds.

■ It is asserted that the court erred in not charging the law of voluntary manslaughter. The court charged the jury

on the law as to murder, involuntary manslaughter and accident.

The sole defense of the appellant was that the pistol was accidentally fired. There is no evidence in the record to demand or even authorize a charge on the law of voluntary manslaughter.

■ The court charged the jury as follows: "When the State's evidence shows the commission of a homicide by the accused, by the use of a deadly weapon, the law presumes murder." Error is assigned on the above charge on the ground that it shifted the burden of proof to the appellant and relieved the State of proving malice, and it was confusing, misleading, and prejudicial.

The charge given stated a correct principle of law. This court in *Ogletree v. State,* 209 Ga. 413 (3) (73 SE2d 201), said: "When, as in this case, the State's evidence shows the commission of a homicide by the accused, by the use of a deadly weapon, the law presumes murder, and it is then incumbent upon the defendant to show the killing to have been otherwise."

The court fully charged on the law relating to murder, malice, involuntary manslaughter, accident and misfortune, presumption of innocence, and the burden upon the State to prove the defendant's guilt beyond a reasonable doubt.

■ The verdict is supported by the evidence.

*Judgment affirmed. All the Justices concur.*