## 27583. ALMOND v. THE STATE.

JORDAN, Justice. Charlie Frank Almond appeals his conviction and sentence to life imprisonment for the murder of Louise Weaver, and the overruling of his motion for a new trial. The appeal is prosecuted on the basis that the trial judge erred in failing to instruct the jury on voluntary and involuntary manslaughter as lesser included offenses, and that the defendant was denied the effective assistance of counsel at his trial in violation of his constitutional rights, because his counsel at the trial agreed with the trial judge in his conclusion not to instruct on the law of voluntary and involuntary manslaughter.

The evidence discloses that the defendant was living with Louise Weaver under circumstances indicative of a common law marriage. According to the testimony of John R. McGarrity, who was with the defendant on the night of the homicide, this witness, his brother, and the defendant went out together and engaged in an evening of drinking, consuming a fifth of whiskey over a period of some two or three hours at a club. The three then returned in an automobile to the defendant's home and left the defendant "right there in front of the house." The witness and his brother then went to the witness' home nearby and sat in the automobile talking for a few minutes. The witness then got out and

walked back to the defendant's home. It was then about 1:00 a.m. He knocked on the back door and was invited by the defendant or perhaps his wife to enter. He sat down in the living room, and after a time he heard the defendant say to his wife, "You are not going anywhere." The witness then recalled seeing the wife standing on the bottom step of the stairs and the defendant holding a shotgun which he raised up and which fired. It is undisputed that the victim died from shotgun wounds inflicted at this time.

The defendant, in a written extrajudicial statement, explained the incident as follows: "I got out of the car, Bill and John went home. I went into the house where my wife Louise was and we began talking. About five minutes later John came back over to my house. The three of us, John, Louise and I went into the living room and were talking. I went to the pantry to get my shotgun and I was showing Louise how to load it and at this time Louise was standing in front of me and the gun went off accidentally. Then John said, ' What happened, why, Frank? Why?' I then threw the shotgun down and I told John to go call the ambulance and police. I became frightened and ran." The defendant, in an unsworn statement to the jury, reiterated the substance of his extrajudicial statement, insisting that the homicide was accidental. There is also evidence for the State tending to disclose the difficulty and improbability of accidental discharge from the particular weapon involved.

From a perusal of the entire transcript we are convinced that the trial judge correctly concluded that under the evidence instructions on the law of voluntary and involuntary manslaughter as lesser included offenses were inappropriate, and that the defense counsel, in agreeing with the statement of the trial judge before the giving of instructions, that it was "either murder or accident, one or the other" in no way deprived the

defendant of adequate representation at the trial in violation of his constitutional rights. The appeal is without merit.

*Judgment affirmed. All the Justices concur.*
SUBMITTED NOVEMBER 15, 1972 — DECIDED JANUARY 4, 1973.

*Lewis R. Slaton, District Attorney, Carter Goode, Isaac Jenrette, Joel M. Feldman, Leslie N. Shade, Jr., Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Frank M. Palmour, Assistant Attorneys General,* for appellee.