## 27825. CHANDLE v. THE STATE.

UNDERCOFLER, Justice. John Lee Chandle, Jr., was convicted of the murder of his wife Easter Rose Chandle and sentenced to life imprisonment. He appeals to this court. *Held:*

1. The appellant contends that the state did not prove malice and for this reason the conviction of murder was unauthorized by the evidence. We do not agree. Susie Brinson testified that she, her husband, the defendant and the victim had been at the "juke hall" drinking. Later they went to the defendant's home and about 11:00 p.m. she and her husband went home across the street. The victim came to her home about 11:35 p.m. to borrow a book. After the witness and her husband had gone to sleep, the defendant came to their home and awakened them by banging on the door. He told them that he had shot his wife and that she was dead. He did not give any excuse or justification for the shooting. The defendant left their home to get an ambulance. The victim was still alive and was taken to the hospital.

The sheriff was called to the hospital about 2:00 a.m. The hospital personnel were trying to ascertain why the victim's head was bleeding; the defendant was among the people at the hospital. No one there seemed to know why the victim's head was bleeding. Someone finally said that the victim had been shot. The defendant then said he had shot her. The defendant told the sheriff that he was cleaning or fixing an old rifle and the bullet discharged and hit the victim. The defendant brought the rifle to the sheriff. The rifle was old, rusty and could not be fired because it did not have a firing pin or hammer. Later that same day the defendant told the sheriff that he shot his wife with a .22 caliber pistol and had thrown it into a wooded area

near his house. He showed them the area where he said he had thrown it but the pistol was never found. The victim died of the gunshot wound about a week later. The officers did not talk to her because of her physical condition.

An agent of the Georgia Bureau of Investigation testified that the defendant told him that he had previously told the sheriff he had killed the victim with his rifle but he knew that the rifle would not fire; that he had actually killed her with a small caliber .22 revolver; that he thought he had taken all the cartridges out of the pistol, that he was pointing it toward her, and that he was snapping it when it fired.

The defendant in his unsworn statement said that he had taken the pistol with him fishing, that he thought he had removed all the bullets from it, that he was "snapping on it," that it went off and killed the victim, and that he was sorry he did it.

"To kill by using a deadly weapon in a manner likely to produce death, will raise a presumption of intention to kill." *Moon v. State,* 68 Ga. 687 (7); *Barbee v. State,* 175 Ga. 307 (165 SE 232); *Plummer v. State,* 200 Ga. 641 (1) (38 SE2d 411); *Carrigan v. State,* 206 Ga. 707 (58 SE2d 407); *Fisher v. State,* 228 Ga. 100 (2) (184 SE2d 156).

Furthermore, the admission of the defendant to Susie Brinson did not show any excuse or justification for the shooting.

The evidence is sufficient to support the murder conviction.

2. The appellant contends that the court erred in admitting the testimony of the GBI agent concerning his "confession." He argues that the agent was confused about the statement given to him and that he could not decide whether the appellant told him that he was pointing the pistol at the victim or holding it towards the victim. However, the record shows that the witness maintained that the appellant had used either

the word "pointing" or "towards" the deceased and the jury was authorized to find that he was pointing the pistol at or towards the victim.

3. The appellant contends that the court erred in charging the jury that accident is an affirmative defense and in placing the burden upon the defendant to show accident by a preponderance of the evidence.

"An affirmative defense is one that admits the doing of the act charged, but seeks to justify, excuse, or mitigate it." 21 AmJur2d 204, § 135. Accident is therefore an affirmative defense. Code Ann. § 26-401 (a) of the Criminal Code of Georgia provides: " 'Affirmative defense.' With respect to any affirmative defense authorized in this Title, unless the State's evidence raises the issue invoking the alleged defense, the defendant to raise the issue, must present evidence thereon, or do so by his unsworn statement." Ga. L. 1968, pp. 1249, 1263. This rule of affirmative defenses authorized in the Criminal Code follows the general rule in this state that, "If the defense is made out by the witnesses on the part of the prosecution, then the defendant need not call any; but if not, then the defendant must call witnesses, and make out his defense by proof." *Crawford v. State,* 12 Ga. 142; *Green v. State,* 124 Ga. 343 (4) (52 SE 431); *Mann v. State,* 124 Ga. 760, 764 (53 SE 324); *Williams v. Johnson,* 225 Ga. 654 (3) (171 SE2d 145).

Professor William H. Agnor in 11 Encyc. Ga. L. 378, § 138, states: "If a defendant enters a true affirmative defense in a criminal case, he assumes the burdens as to that defense, although he need carry the burden of persuasion only by a preponderance of the evidence." Compare *Currie v. State,* 153 Ga. 178 (2) (111 SE 727); *Barker v. State,* 188 Ga. 332, 335 (4 SE2d 31).

The trial court correctly charged the jury on this principle of law.

*Judgment affirmed. All the Justices concur. Gunter, J.,*

*concurs in the judgment but not in all that is stated in the opinion.*

ARGUED APRIL 9, 1973—DECIDED MAY 10, 1973.

*George L. Hoyt,* for appellant.

*Dewey Hayes, District Attorney, Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, Thomas W. Greene, Assistant Attorneys General, Harold N. Hill, Jr., Deputy Assistant Attorney General,* for appellee.