## 28181. McCLENDON v. THE STATE.

UNDERCOFLER, Justice. Bobby Jerry McClendon was convicted of the murder of Ronald Riley and sentenced to life imprisonment. He appeals to this court. *Held:*

1. The appellant contends that the trial court erred in overruling his motion to strike certain testimony of a witness for the state because such testimony was without foundation, unresponsive to the question, and because the witness was not qualified to state how much beer would be necessary to make a person drunk.

The record shows the counsel for the appellant had asked the state's witness on cross examination about a "six-pack" of beer which she and the victim had been drinking prior to the homicide. The witness testified that she drank about all of it. "Q. You drank all of it and Ron [the victim] really didn't have very much at all. A. He didn't have but one can, and *that wasn't enough to make nobody drunk."* The appellant moved to strike the emphasized portion of the answer.

It is not necessary to decide whether the motion to strike this testimony is meritorious since its admission was harmless. *Robinson v. State,* 130 Ga. 361 (60 SE 1005); *Williams v. State,* 145 Ga. 177 (3) (88 SE 958); and *Lively v. State,* 178 Ga. 693 (2) (173 SE 836).

2. The trial court charged the jury: ". . . .that if it be shown that the accused by the use of a deadly weapon used in a manner likely to kill, took the life of Ronald Riley in manner and form, as alleged in this indictment, the use of such deadly weapon being intentional on the part of the accused from such, the law would

presume that the killing was malicious and, therefore, murder; and, it would devolve upon the accused to justify or mitigate the homicide, it being the law that he may do so by pointing not only to evidence which he produces on his own behalf and his statement before you, but by pointing to evidence introduced against him by the State."

The appellant contends that this charge is erroneous because it shifted the burden of proof to him to justify or mitigate the homicide. There is no merit in this contention. *Fisher v. State,* 228 Ga. 100, 101 (184 SE2d 156); *Chandle v. State,* 230 Ga. 574 (198 SE2d 289).

3. The appellant contends that the trial court erred in charging the jury that mutual combat was "a mutual intention to fight with deadly weapons."

"Mutual combat exists where there is a fight with dangerous or deadly weapons, and when both parties are at fault and are willing to fight because of a sudden quarrel." *Langford v. State,* 212 Ga. 364, 366 (93 SE2d 1); *Lucear v. State,* 221 Ga. 572 (1) (146 SE2d 316).

This contention is without merit.

4. The appellant contends that the trial court erred in refusing to give the following requested charge to the jury: "I charge you that a person shall not be found guilty of a crime if the act or omission to act constituting the crime was induced by a misapprehension of fact which, if true, would have justified the act or omission. Thus, if you should find that the defendant, Bobby McClendon, was acting under a mistake of fact and that if such fact was true you find that such state of facts would have justified the use of force intended to cause great bodily harm, it would then be your duty to acquit the defendant, Bobby McClendon."

The appellant contends that this requested charge was phrased in the language of Code Ann. § 26-705 (Ga. L. 1968, pp. 1249, 1270; 1969, pp. 857, 859) and should have been given in charge to the jury.

There is no merit in this contention since the charge of the court fully covered the principles of justifiable homicide and it was not error to fail to charge in the exact language requested. *Young v. State,* 226 Ga. 553 (5) (176 SE2d 52).

*Judgment affirmed. All the Justices concur.*

Submitted August 10, 1973 — Decided September 6, 1973.

*Arrington, Rubin & Herman, S. Richard Rubin,* for appellant.
*Lewis R. Slaton, District Attorney, Carter Goode, Morris H. Rosenberg, Dennis S. Mackin, Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, Assistant Attorney General, Michael W. Dyer,* for appellee.