## 28796. HEWELL v. THE STATE.

UNDERCOFLER, Justice.

Ernest D. Hewell was convicted of murder and sentenced to life imprisonment. He appeals to this court. *Held:*

1. The appellant contends that the trial court erred in failing to charge the jury on the law of voluntary manslaughter.

This case was tried prior to Ga. L. 1973, pp. 292, 293 (Code Ann. § 27-405) when the defendant could make an unsworn statement.

"The theory of voluntary manslaughter was not involved under the evidence in this case, and the only possible way in which it could be said to have been involved was by the statement of the defendant. This being true, if the defendant desired an instruction on the law of voluntary manslaughter, he should have duly

requested the same in writing. He not having done so, it was not error for the trial court to omit to charge thereon." *Clark v. State,* 216 Ga. 459 (5) (117 SE2d 160); *Wilson v. State,* 215 Ga. 672 (113 SE2d 95).

There is no merit in this contention.

2.  The trial court charged the jury: "Where there is direct evidence to show an intentional killing by the defendant, the law presumes the homicide to be malicious until the contrary appears from the circumstances of alleviation, excuse or justification, and it is incumbent on the defendant to make out such circumstances to the satisfaction of the jury, unless they appear from the evidence produced against him."

(a)  The appellant contends that this charge shifted the burden of proof to him to justify or mitigate the homicide. There is no merit in this contention. *McClendon v. State,* 231 Ga. 47 (2) (199 SE2d 904); *Fisher v. State,* 228 Ga. 100, 101 (184 SE2d 156); *Chandle v. State,* 230 Ga. 574 (198 SE2d 289).

(b)  The appellant also contends that the charge unduly emphasized the fact that the burden rested on the appellant to provide alleviating circumstances and thus minimized the possibility of the evidence in general providing the necessary circumstances. There is no merit in this contention. *Ogletree v. State,* 209 Ga. 413 (3) (73 SE2d 201); *Sinkfield v. State,* 222 Ga. 51 (2) (148 SE2d 409).

*Judgment affirmed. All the Justices concur.*

Submitted April 5, 1974 — Decided April 23, 1974.

*Thomas M. West,* for appellant.

*Jeff C. Wayne,* District Attorney, *Arthur K. Bolton,* Attorney General, *Thomas P. Burke,* Deputy Assistant Attorney General, for appellee.