## 29557. DAVIS v. THE STATE.

UNDERCOFLER, Presiding Justice.

Oliver Davis was convicted of the murder of Charles Daniels and sentenced to life imprisonment.

The evidence shows that the victim was killed by a .22 caliber bullet which entered his body at the base of the neck and pierced his spinal cord. The victim and the defendant did not get along well and the day before the homicide the defendant pointed his grandfather's rifle at him and told him, "I am going to shoot you." On Sunday, March 24, 1974, the defendant and his sisters, Janice and Lillian, were returning to their home after church. They lived in the home with their grandfather. The victim and his friend Joe Henry Johnson approached the Davis residence where they met the defendant's sisters. After entering the residence, Joe Henry went into the bathroom to put some Noxzema on his face. He was conversing with the victim who was standing in the bathroom doorway. The victim walked away from the bathroom and Joe Henry heard a gunshot, saw the victim fall, and saw the defendant standing in the adjoining room. Lillian was in another room, heard the gunshot, heard something hit the floor and heard Joe Henry say, "Lillian, Oliver done shot Charles." Lillian saw the defendant pointing the gun toward the victim as she entered the room and saw him put the gun back in the room where he slept. She picked up the gun, smelled it and testified that it smelled like it had been burning. She went to the church and got her grandfather. When the grandfather arrived at the home, she heard him ask the defendant if he had killed the victim and he said that he had. *Held:*

1. The evidence was sufficient to authorize the verdict and the trial court did not err in overruling the motion for a directed verdict of acquittal and the motion for a new trial.

The defendant argues, however, that there is no evidence of an intention to kill. "To kill by using a deadly weapon in a manner likely to produce death, will raise a presumption of intention to kill." *Moon v. State,* 68 Ga. 687 (7); *Barbee v. State,* 175 Ga. 307 (165 SE 232); *Plummer v. State,* 200 Ga. 641 (1) (38 SE2d 411); *Carrigan v. State,* 206 Ga. 707 (58 SE2d 407); *Fisher v. State,* 228 Ga. 100 (2) (184 SE2d 156); *Chandle v. State,* 230 Ga. 574 (1) (198 SE2d 289); *Wilburn v. State,* 230 Ga. 675 (1) (198 SE2d 857). There is no merit in this contention.

2. Evidence was introduced which showed that the defendant had threatened to shoot some other boys; that the day before the homicide he told the victim he was going to shoot him; that Thursday before the homicide on Sunday, the defendant shot at one boy from his home; that two weeks before the homicide he shot at another boy; that the defendant "played" with his grandfather's rifle and frequently ran boys up and down the road with it. The defendant objected to the admission of this evidence on the basis that it placed his character in evidence.

This evidence was admissible to show intent, motive, plan, scheme and bent of mind of the defendant. *Williams v. State,* 152 Ga. 498 (1) (110 SE 286); *Allen v. State,* 201 Ga. 391 (1) (40 SE2d 144); *Lyles v. State,* 215 Ga. 229 (2) (109 SE2d 785); *Anderson v. State,* 222 Ga. 561 (150 SE2d 638); *Gunter v. State,* 223 Ga. 290 (154 SE2d 608); *Hicks v. State,* 232 Ga. 393 (207 SE2d 30); *Hunt v. State,* 233 Ga. 329.

3. The state introduced in evidence a diagram of the house where the homicide occurred and the positions of the people in the house were indicated on it. The defendant objected to the introduction of the diagram on the ground that no one had testified that he was in the position indicated on the diagram. There is no merit in this contention. Joe Henry Johnson's testimony was that the defendant was at the place indicated on the diagram. The diagram was also identified as an accurate portrayal of the house.

4. The defendant contends that the trial court erred in failing to charge the jury on voluntary and involuntary manslaughter without a request. Under the 1968 Criminal Code of Georgia, voluntary manslaughter is the killing of another human being solely as the result of a sudden, violent and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person. Code Ann. § 26-1102 (Ga. L. 1968, pp. 1249, 1276). Involuntary manslaughter is the killing of another human being without any intention to do so in the commission of an unlawful act other than a felony or in the commission of a lawful act in an unlawful manner without any intention to do so. Code Ann. § 26-1103 (Ga. L. 1968, pp. 1249, 1276).

The evidence shows that the defendant had threatened the victim and said he was going to shoot him prior to the homicide. Therefore involuntary manslaughter is not involved in the case. There is no evidence of provocation in this case which would authorize a charge on voluntary manslaughter. Under the evidence presented the defendant was either guilty of murder or nothing and a charge on manslaughter was not authorized. There is no merit in these contentions. *Henderson v. State,* 227 Ga. 68, 83 (179 SE2d 76).

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 15, 1975 — DECIDED FEBRUARY 5, 1975.

*Lovett & New, Walter H. New,* for appellant.

*H. Lamar Cole, District Attorney, William O. Hitchcock, Assistant District Attorney, Arthur K. Bolton, Attorney General, Lois F. Oakley,* for appellee.