## 29389. ABNER v. THE STATE.

PER CURIAM.

This is an appeal from a murder conviction and a life sentence. The appellant fatally wounded his wife with a shotgun after a quarrel; he defended on the theory of

accident; but the jury found against him. There is no question as to the sufficiency of the evidence to sustain the conviction, and the only issues on appeal involve instructions to the jury.

Appellant argues that the evidence required a charge, though not requested, on the issue of involuntary manslaughter in the commission of an unlawful act other than a felony. The appellant defended solely on the theory of accident, and having reviewed the evidence, we conclude that the failure to charge on involuntary manslaughter was not erroneous. See *Bonds v. State,* 232 Ga. 694 (208 SE2d 561) (1974); *Almond v. State,* 230 Ga. 31 (195 SE2d 431) (1973); and *Meadows v. State,* 230 Ga. 471 (197 SE2d 698) (1973).

The appellant argues that the charge of the court on accident was burden-shifting, confusing to the jury, and erroneous. Complaint is made about the two following portions of the charge: "The law presumes every intentional homicide to be malicious unless the contrary appears from circumstances of alleviation, justification, mitigation or excuse, or unless it appears, from misfortune or accident. The defendant is required whenever an intentional homicide has been proven to have been committed by the defendant, to show such circumstances to the satisfaction of you, the jury, unless such circumstances appear from evidence produced against the defendant. When, and if a killing is proved to your satisfaction and beyond a reasonable doubt, to be the intentional act of a defendant, the presumption of innocence with which he enters upon the trial, is removed from him and the defendant must show to your satisfaction, facts that justify or mitigate the homicide or facts showing misfortune or accident, unless the evidence introduced against the defendant show such facts. But as I have charged you heretofore, the presence of justification, mitigation or misfortune or accident may be found in any of the evidence produced against him. If there be no evidence produced or introduced to show misfortune or accident, and if the evidence introduced show the homicide to have been committed as charged in the indictment, then the defendant must show to your satisfaction that it was the result of misfortune or

accident."

We hold that the complaint made about the charge is without merit. Language substantially the same as that complained of here has been approved by this court. See *Hewell v. State,* 232 Ga. 175 (205 SE2d 216); *Fisher v. State,* 228 Ga. 100 (184 SE2d 156); *Williams v. Johnson,* 225 Ga. 654 (171 SE2d 145); *Smith v. State,* 203 Ga. 317 (46 SE2d 583).

*Judgment affirmed. All the Justices concur, except Gunter, J., who dissents.*

ARGUED NOVEMBER 13, 1974 — DECIDED FEBRUARY 25, 1975 — REHEARING DENIED MARCH 12, 1975.

*Hudson & Montgomery, Jim Hudson, Davis, Davidson & Hopkins, Jack Davidson,* for appellant.

*Clete D. Johnson, District Attorney, Arthur K. Bolton, Attorney General, G. Stephen Parker, Assistant Attorney General,* for appellee.

INGRAM, Justice, concurring.

I concur in the judgment because I do not equate this accident charge with the alibi charge which I thought was erroneous in *Patterson v. State,* 233 Ga. 724. Under the present charge, the defendant is not required to relieve the state from proving "beyond a reasonable doubt . . . every fact necessary to constitute the crime." In Re Winship, 397 U. S. 358, 364. The state still has the burden of showing the homicide was *intentionally* done by the defendant as charged in the indictment. When this is done, the mens rea is established and this is sufficient for conviction in the absence of evidence to the contrary.

What I interpret the court's charge to say, in so many words, is this: the state has the burden of proving beyond a reasonable doubt every fact essential to a conviction. If the state's evidence shows accident, the defendant must receive the benefit of that evidence. However, if the defendant has any other evidence bearing on accident the defendant has a duty to come forward with it. I believe this strikes a minimally acceptable balance under constitutional requirements in the context of an entire

charge which places the burden of proof of the defendant's guilt upon the state to prove beyond a reasonable doubt.

I am authorized to state that Justices Jordan and Hall concur in this opinion.

GUNTER, Justice, dissenting.

Charges to juries that are allegedly burden-shifting have been a subject of much controversy in this court lately. See *Patterson v. State,* 233 Ga. 724 and cits.

In a criminal homicide case "accident" is nothing but the absence of mens rea. It is therefore abnormal, irregular, and confusing to say to the jury that the state must prove mens rea beyond a reasonable doubt and at the same time say to the jury that "accident" must be proven *by the defendant* to the satisfaction of the jury. I paraphrase what Judge Powell said on the subject in 1907 in *Smith v. State,* 3 Ga. App. 803 (61 SE 737): The logical absurdity of the proposition is apparent.

It has been generally accepted in common law jurisdictions that the state must prove the accused guilty of the crime charged "beyond a reasonable doubt." However, in 1969, the reasonable doubt standard was unquestionably raised to constitutional stature by the Supreme Court of the United States. That court said: "Lest there remain any doubt about the constitutional stature of the reasonable-doubt standard, we explicitly hold that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U. S. 358, 364 (1969). And in Speiser v. Randall, 357 U. S. 513, 526 (1958), the Supreme Court of the United States said: "Due process commands that no man shall lose his liberty unless the Government has borne the burden of . . . convincing the factfinder of his guilt."

I have concluded that in criminal cases if jury instructions place the burden of proving his defense or any of the elements of his defense upon the accused, or if jury instructions state that the accused must prove his defense or any of the elements of his defense to the "reasonable satisfaction of the jury," such instructions are burden-shifting and constitutionally impermissible.

I acknowledge that this court has, through the years, approved jury instructions that have been what I consider to be "burden-shifting." I think that such prior approvals are now outdated and should not be followed. I say this because of the evolution of the reasonable-doubt standard to the point where it is now a constitutional protection afforded to every defendant accused of a crime. Until this court holds that burden-shifting charges are erroneous and require the reversal of criminal convictions, such charges will continue to be given in the trial courts in this jurisdiction. And as long as such charges continue to be given in the trial courts, and are approved by this court on the basis of earlier decisions that do not relate to the present "due process of law" requirements, the constitutional rights of defendants in criminal cases will continue to be eroded and, I think, violated.

I would put a stop to burden-shifting jury instructions by holding that they are erroneous and prejudicial to the point of requiring reversal of convictions. We have at long last done just that with respect to the defense of alibi. See *Patterson v. State*, 233 Ga. 724, supra.

I would hold that the charge given in this case was burden-shifting, that it was confusing to the jury to the point of being prejudicial, and that the appellant is entitled to a new trial free from this error.

I respectfully dissent.