## 30149. SHEPPARD v. THE STATE.

JORDAN, Justice.

Ricky Lee Sheppard, 19 years of age, was indicted and convicted of two counts of murder and one count of aggravated assault. He was sentenced to two life sentences for the murders and five years imprisonment for the aggravated assault, all to run concurrently. His motion for new trial as amended was overruled and he appeals.

The evidence at trial showed that on July 28, 1974, appellant rounded up five boys from his neighborhood to play baseball, and drove them to an apartment complex. After the game, appellant signaled to Ricky Nicholson and Ricky Bell to run to his automobile. The two boys jumped in the car, and as appellant drove away the other three boys ran and hopped on the back of the car's trunk. Appellant yelled for them not to jump on his car, and turned the car to one side until the boys fell off the vehicle. One of the boys was slightly injured by the fall. Appellant stopped and told the boys to get in the car. One of the boys replied with an obscenity. Appellant, appearing to be angry, drove away. After driving a short distance, Ricky Bell suggested that they return and pick up the boys left behind. Appellant complied, and after making a u-turn proceeded down the street in the inside lane. The three boys were walking beside the street on the same side as appellant's car was traveling. As appellant rounded the curve where the boys were walking, the car turned right,

crossed the outside lane, left the road and struck and killed Roger Carzell and Brandon Sanford, both 12 years old at the time. Bobby Smith, the other boy, suffered an injured leg. Just before the car turned toward the boys, Nicholson saw the boys walking along the grassy shoulder and told appellant, "There's Roger and them." Nicholson testified that appellant seemed to aim the car at the boys, and that he warned appellant that he was going to hit them. Appellant made no reply. The car traveled approximately 190 feet from where it left the road to where it came to rest in a ravine. As the boys got out of the car, appellant saw Bobby Smith leaving the scene, and threatened to physically beat him. Bobby ran home and told his aunt that appellant had tried to kill him. Appellant, Nicholson and Bell walked to a friend's house where appellant called his mother, who drove them back to the scene.

Appellant testified that the car went out of control on the curve, forcing the car to leave the road, accidentally hitting the boys. He claimed not to have heard the warnings from Nicholson, and that he did not realize until his return to the scene that the boys had been hit and killed.

1. Appellant argues that the evidence was insufficient to support a finding of malice. "In passing on the general grounds of a motion for new trial, this court passes not on the weight but on the sufficiency of the evidence. It is our duty to determine whether the verdict as rendered can be sustained under any reasonable view taken of the proofs submitted to the jury. We are not called upon to say whether, had we been in the place of the jury, we might have found the accused guilty of a lessor offense." *Ingram v. State,* 204 Ga. 164, 184 (48 SE2d 891).

While the evidence could possibly support other hypotheses, such as accident, there is sufficient evidence of external circumstances to manifest an express malice and deliberate intention to unlawfully take the lives of the three boys. Code Ann. § 26-1101. A review of the record discloses evidence that appellant deliberately aimed the car at the victims; that appellant was guilty of previous hostile conduct toward the boys; that there were previous ill feelings between one of the victims and

appellant; and that appellant made threats to the incident's only survivor.

2. The appellant next complains of an outburst by the mother of one of the victims during the state's closing argument. The mother cried out in the presence of the jury "Oh, my child": or a similar remark and rushed out of the courtroom crying. Defense counsel immediately made a motion for mistrial, which was overruled. Instead, the court instructed the jury to disregard the outburst.

Demonstrations and outbursts which occur during the course of a trial are matters within the trial court's discretion unless a new trial is necessary to insure a fair trial. Where the trial court fails to act to stop the disturbance, or fails to instruct the jury to disregard it, and the demonstration could prevent the defendant from receiving a fair trial, this court must grant a new trial. *Howard v. State,* 229 Ga. 839, 840 (195 SE2d 14); *Holland v. State,* 113 Ga. App. 843 (149 SE2d 919); *Harrison v. State,* 83 Ga. App. 367, 372 (64 SE2d 83). Here the trial judge immediately instructed the jury to disregard the outburst, and it is unlikely that this single outcry from a spectator prejudiced appellant's entire defense. Compare *Glenn v. State,* 205 Ga. 32 (52 SE2d 319) and *Collier v. State,* 115 Ga. 803 (42 SE 226). We find no reversible error.

*Judgment affirmed. All the Justices concur.*

Submitted July 10, 1975 — Decided September 11, 1975.

*Rose & Stern, George Stern, William T. Brooks, James W. Penland,* for appellant.

*Lewis R. Slaton, District Attorney, Carole E. Wall, Assistant District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General,* for appellee.