30895. HILL v. THE STATE.

HALL, Justice.

Hill, together with Coachman and Gatlin, was jointly indicted, tried, convicted and sentenced to life in prison for the murder of Samuel Green. We affirmed Coachman's conviction recently in an opinion setting forth the trial evidence, *Coachman v. State,* 236 Ga. 473, and today we affirm Gatlin's conviction in a separate opinion, *Gatlin v. State,* 236 Ga. 707.

1. Enumerations 1 through 3 raise the general grounds. This court does not review the weight of the evidence, but only its sufficiency to sustain a verdict. *Proctor v. State,* 235 Ga. 720 (221 SE2d 556); *Sheppard v.*

*State,* 235 Ga. 89, 90 (218 SE2d 830) (1975). The evidence detailed in *Coachman,* supra, was ample to support Hill's conviction. He was identified as the gunman. Though the state's witness, Eberhart, did not see the fatal shot fired, she testified that moments earlier as Hill, his two co-defendants and the victim stood together near the doorway of the victim's house, she saw Hill with a long shiny gun. There was absolutely no evidence that any of the other three men had a gun in those moments preceding the firing of the shot after which the victim fell mortally wounded. Applying the appropriate test for circumstantial evidence, it was reasonable for the jury to assume that Hill did the shooting (see *McConnell v. State,* 235 Ga. 366 (220 SE2d 5) (1975)), and there was no evidence of excuse, justification, or accident.

2. Enumeration 5 claims that due process was violated because Hill was convicted without the state's having proved every element of the crime charged, as required by In re Winship, 398 U. S. 358, 364 (1970). Specifically, it is urged that the jury charge in the language of the murder statute, that malice should be implied when no considerable provocation appears, unfairly shifts a burden to defendant in violation of the precepts of Mullaney v. Wilbur, 421 U. S. 684 (95 SC 1881, 44 LE2d 508) (1975); and that the jury should have been instructed that the state had the burden of proving lack of provocation. This enumeration is not meritorious; the charge was proper as given, and the charge Hill here contends for was properly not given. See *Abner v. State,* 233 Ga. 922 (213 SE2d 851) (1975).

The instant facts are quite different from those in Mullaney in which the Supreme Court held an improper burden was cast on defendant. Before discussing Mullaney, we emphasize that in the instant case there was no instruction given on voluntary manslaughter — we are considering the malice portion of a murder charge.

In Mullaney, "The jury was . . . instructed . . . that if the prosecution established that the homicide was both intentional and unlawful, malice aforethought was to be conclusively implied unless the defendant proved by a fair preponderance of the evidence that he acted in the heat of passion on sudden provocation." 44 LE2d 512. The

problem the Court found in Mullaney was that "Maine law requires a defendant to establish by a preponderance of the evidence that he acted in the heat of passion on sudden provocation in order to reduce murder to manslaughter. Under this burden of proof a defendant can be given a life sentence when the evidence indicates that it is *as likely as not* that he deserves a significantly lesser sentence. This is an intolerable result." Id. That problem was not presented in the instant case, where the jury *were not* instructed that defendant carried any burden, and *were* instructed that the state had the burden of proving the crime charged beyond a reasonable doubt. With respect to Hill's contention that the state failed to carry that burden, we disagree: ". . . proving that the defendant did not act in the heat of passion on sudden provocation is similar to proving any other element of intent; it may be established by adducing evidence of factual circumstances surrounding the commission of the homicide." Id. p. 1891. The state presented such evidence about this homicide; the jury were properly instructed that to convict they must find that the state proved the crime beyond a reasonable doubt; they concluded the state carried that burden; we cannot say as a matter of law that the state did not. We must read this verdict to mean that the jury concluded that the state's evidence was adequate to show that there was no considerable provocation. The evidence amply supported such a conclusion. Enumeration 5 claiming that the state's proof failed in this respect, is accordingly without merit. Cf. *Spencer v. State,* 236 Ga. 697 (presumption of murder from homicide with a deadly weapon is not improper on the facts presented).

3. Answering Enumeration 6, subparts (2) and (3) are deemed abandoned under our Rule 18 (c)(2) because not argued or supported by authority. *Allen v. State,* 235 Ga. 709, 712 (221 SE2d 405) (1975). Subpart (1) argues that the charge on flight, which was that flight might be considered by the jury but was subject to explanation by defendants, was burden-shifting under Mullaney and In re Winship.

The charge as given was a correct proposition of law. *Holsey v. State,* 235 Ga. 270, 272 (219 SE2d 374) (1975); *Fulford v. State,* 221 Ga. 257, 258 (144 SE2d 370) (1965);

*Kalb v. State,* 195 Ga. 544, 550 (25 SE2d 24) (1943); *Coley v. State,* 135 Ga. App. 810, 812 (219 SE2d 35) (1975). Under the cases and principles discussed above concerning the charge on malice, the flight charge was not burden-shifting.

4. Those parts of Enumeration 7 complaining of the court's refusal to charge on excuse, justification and accidental homicide are deemed abandoned under Rule 18 (c)(2). The claim that voluntary manslaughter should have been charged because Hill and the victim had hostile words just prior to the shooting, is without merit. The state's evidence showed that when Hill and his two companions came up on the victim's porch, the victim, who was himself a black man, said to them "Niggers, get out of my house." This is the only remark in evidence; the state's witness Eberhart testified that she heard nothing else for some minutes until she heard the shot. As a matter of law, we rule that this record shows no provocation sufficient to authorize a charge on voluntary manslaughter. See *Parks v. State,* 234 Ga. 579, 581 (216 SE2d 804) (1975). The claimed provocation here was much less than that which we found inadequate in *Williams v. State,* 232 Ga. 203, 205 (206 SE2d 37) (1974). The court did not err in refusing to charge on voluntary manslaughter.

5. Enumeration 8 is deemed abandoned under Rule 18(c)(2). Enumeration 9 was answered adversely to Hill's contentions in *Coachman.*

6. Enumeration 10, arguing that certain of the prosecutor's remarks in closing argument were the equivalent of expert testimony not subject to cross examination, therefore denying Hill his right to confront the witnesses against him, is frivolous. The remarks were that "the only motive I can find" was murder, and "anybody that does what they did are dangerous men."

"Counsel is permitted, in the sound discretion of the court, to argue all reasonable inferences and deductions which may be drawn from the evidence however illogical they may seem to the opposite party. [Cits.] The discretion of the trial court in handling these matters will not be disturbed on appeal except in clear cases of abuse and we

find none here." *Wisdom v. State,* 234 Ga. 650, 655 (217 SE2d 244) (1975). The prosecutor's remarks created no error.

7. Enumeration 4, claiming an unspecified denial of due process, raises nothing for decision.

No error appearing, the conviction will be affirmed.
*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 5, 1976 — DECIDED APRIL 6, 1976.

*Eric Welch,* for appellant.

*Lewis R. Slaton, District Attorney, Carole E. Wall, Assistant District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General,* for appellee.