## 30924. STOVALL v. THE STATE.

HALL, Justice.

Appellant, David Stovall, is one of the three co-defendants convicted of the gangland-type slaying of Tony Doster on July 4, 1975. The facts as contended by the defendants are more fully set out in the appeal of co-defendant, David Gillespie in *Gillespie v. State,* 236 Ga. 845 (1976). The evidence showed, however, that these three rising high school seniors arranged to have a girlfriend set up a meeting with their intended victim at the high school tennis courts. Instead they arrived at the scene in Stovall's station wagon, in which Gillespie and Sanchez were hiding behind the front seat. Stovall backed into the victim's car to stop it, then Gillespie and Sanchez rose up from their hiding place and emptied their respective pistol and rifle into the car, killing Doster. They were not arrested until August 30 as a result of anonymous telephone tips to the police, but were thereafter tried and convicted of murder and have filed

separate appeals. We here consider the appeal of defendant Stovall, and affirm his conviction.

1. In his first enumeration of error, the defendant claims the trial court erred in admitting into evidence his incriminating statements made to the police. However, it is clear from the record of the Jackson-Denno type hearing that the statements were voluntarily made. Jackson v. Denno, 378 U. S. 368 (1963); *House v. State,* 232 Ga. 140 (205 SE2d 217) (1974).

During the Jackson v. Denno hearing, the Miranda rights given to the defendant were repeated three times; only once did the detective fail to state that the defendant was informed of his right to appointed counsel if he could not afford to retain his own. In addition, the two arresting officers repeated the full warnings during the case in chief at least four more times. *Stapleton v. State,* 235 Ga. 513 (220 SE2d 269) (1975).

The absence of a written waiver form is not conclusive of defendant's contention that he was not informed of his rights. There is no requirement that a constitutional waiver be in writing. The trial court, in considering all the evidence, was not clearly erroneous in finding that Miranda warnings were properly administered. Lego v. Twomey, 404 U. S. 477 (1972); *High v. State,* 233 Ga. 153 (210 SE2d 673) (1974).

2. Stovall also urges that the trial court erred in refusing to grant his motion for the severance of his trial from that of his co-defendants, Gillespie and Sanchez. In *Cain v. State,* 235 Ga. 128, 129 (218 SE2d 856) (1975), this court set out the standards to be considered on a motion to sever: "But the burden is on the defendant requesting the severance to do more than raise the possibility that a separate trial would give him a better chance of acquittal. Tillman v. United States, [406 F2d 930 (5th Cir. 1969)]. He must make a clear showing of prejudice and a consequent denial of due process."

The defendant claims that he was prejudiced by the court's failure to sever his trial because the statements of his co-defendants, which were made out of his presence, were inadmissible against him, though they were admissible against them. Therefore, there was a danger that evidence would also be considered against him. *Cain*

*v. State,* supra. However the co-defendants had repeated their statement to the police in the defendant's presence. He not only had failed to object to or correct their version of the facts, but had also added more information including a diagram of his route to the murder scene. In doing so, he adopted their statements as his own, and consequently the statements were also admissible against him. *Crawford v. State,* 236 Ga. 491 (1976); *Hill v. State,* 232 Ga. 800 (209 SE2d 153) (1974).

Furthermore, to his benefit the statements of these co-defendants corroborated Stovall's story that he had no knowledge that the other two had guns and intended to shoot Doster. Since Stovall showed no prejudice in being tried jointly, the trial court did not err in failing to grant his motion to sever.

3. Appellant's third, fourth, fifth and sixth enumerations of error relate to the charges given by the trial court. The third enumeration of error regarding the trial court's refusal to give a requested charge on voluntary manslaughter was decided adversely to defendant's position in co-defendant David Gillespie's appeal. *Gillespie v. State,* supra.

In his fourth enumeration Stovall claims the charge on conspiracy was harmful to him because there was insufficient evidence to support a conspiracy which included this defendant. There was, however, evidence that Stovall's girlfriend had bought .22 ammunition and that it had later been given or sold to Gillespie, that Stovall knew of and was part of the plan to find Doster and beat him up, and that Stovall had deliberately backed his car into Doster's to prevent him from driving away. A cellmate testified that Stovall told him in jail about a week after their arrest that the three defendants had planned to meet Doster, that both Sanchez and Gillespie had hidden behind the seat, then had risen up and shot him, and that his "chick" had done away with the weapons. We consider this evidence more than sufficient to authorize a charge on conspiracy as to defendant David Stovall.

In addition, the court charged that, "if you find there was no conspiracy or that the defendants or either of them was not a party to that conspiracy, then as to him or them

you would disregard this charge on conspiracy that the court is about to give you." Enumeration 4 thus has no merit. Similarly we find no merit to Enumeration 5 where the defendant complains in essence that the charge on conspiracy was incomplete because the words "to commit a forceable felony" did not follow the word "conspiracy" every single time it was used. The charge, viewed as a whole, was clear and complete. See *State v. McNeill,* 234 Ga. 696 (217 SE2d 281) (1975).

In his sixth enumeration of error, the defendant objects to the charge on justification as shifting to him the burden of proof. Assuming without deciding that defendant's contention has merit, such error, if any, was harmless.

Code Ann. § 26-902 (a) provides that the use of deadly force against another is justified "only if he reasonably believes that such force is necessary to prevent death or great bodily injury to himself or a third person, . . ." Part (b) of that same Code section adds the proviso that "a person is not justified in using [such] force . . . if he . . . (2) is attempting to commit . . . a felony." By the defendant's own version of the facts, the three defendants had hunted Doster for two days in order to "beat him up." We hold as a matter of law that the use of the gun by Gillespie could not be justified as self-defense, and the charge was not required. *Howard v. State,* 128 Ga. App. 807 (198 SE2d 334) (1973); *Johnson v. State,* 122 Ga. App. 542 (178 SE2d 42) (1970). Thus the error alleged by the defendant is rendered harmless. Any charge at all on justification benefited rather than harmed the defendant.

The defendant's contentions are without merit. The evidence was sufficient to support the verdict, and the judgment is affirmed.

*Judgment affirmed. All the Justices concur, except Gunter, J., who dissents.*

SUBMITTED MARCH 5, 1976 — DECIDED APRIL 28, 1976 — REHEARING DENIED MAY 17, 1976.

*Windham & Chamberlain, James D. Windham,* for appellant.

*William H. Ison, District Attorney, Clarence L. Leathers, Jr., Assistant District Attorney, Arthur K. Bolton, Attorney General, Harrison Kohler, Staff Assistant Attorney General,* for appellee.

GUNTER, Justice, dissenting.

Excerpts from the charge of the court to the jury in this case were as follows: The law presumes every intentional homicide to be malicious until the contrary appears from circumstances of alleviation, justification, mitigation, or excuse. The burden is on a slayer whenever an intentional homicide has been proved to make out such circumstances to the satisfaction of the jury unless such circumstances appear from the evidence produced against the slayers. If such evidence produced against a slayer, if there be such, discloses the homicide was done without malice, then this presumption that the homicide is malicious does not exist. If, however, the evidence produced against a slayer, if there be such, does not disclose that the killing was done without malice, then it is incumbent upon the slayer to show that it was done without malice. . . When and if a killing is proved to your satisfaction to be the intentional act of one of the defendants in this case, the presumption of innocence with which he enters upon the trial is removed from him. And, the burden is upon him to justify or mitigate the homicide unless the evidence introduced against him shows justification or mitigation. But, as I have charged you heretofore, the evidence of justification or mitigation may be found in the evidence produced against him. If there be no evidence introduced to show justification or mitigation, and if the evidence introduced shows a homicide to have been committed as charged in the indictment, the burden would then be upon the slayer to show mitigation or excuse. The transcript also shows the following colloquy with respect to exceptions by appellant's counsel to the charge of the court: "The Court: Does either the State or Defense counsel call attention to any obvious error that may have been in the Court's charge? Mr. Ison: The State has none. Mr. Steinberg: If Your Honor please, we'd like to perfect the record on behalf of Defendant Gillespie. We object to the Court

charging that at any time during these proceedings the burden or any burden transferred to Defendant David Wayne Gillespie, whether or not an intentional homicide was shown. We also object — The Court: That's the law, Mr. Steinberg. Mr. Steinberg: Sir? The Court: That's the law. Mr. Steinberg: Yes. The Court: But, if an intentional homicide is shown the burden is shifted. It's an exception to the general law. Mr. Steinberg: All right, sir."

It is my view that such a charge given in a criminal case is burden-shifting, violative of the State and Federal Constitutions, and cannot be held to be harmless error. See my dissenting opinion in *Abner v. State,* 233 Ga. 922, 925 (213 SE2d 851) (1975).

I respectfully dissent.