30813. FLURY v. THE STATE.

JORDAN, Justice.

Appellant, Thomas J. Flury, Jr., was convicted by a jury of the murder of his former wife, Glenda Flury, and sentenced to life imprisonment. He makes two contentions on appeal: (1) that the trial court improperly denied his motion for new trial based on the general grounds; and (2) that the trial court improperly charged the jury on the burden of proof with regard to justification. We find no error and affirm.

1. The evidence at trial shows that appellant and deceased were divorced with three children. On Friday, the day before the homicide, appellant stole a .38 caliber pistol, and there was evidence that appellant threatened various people with a gun on Friday and Saturday. Appellant had been drinking from Friday to Saturday, and admitted being intoxicated at the time of the shooting.

Appellant was seen going into the house of the deceased and leaving after shooting; however, there were no witnesses to the actual shooting. Appellant testified that upon his arrival the deceased instigated an argument in which she proceeded to strike and scratch him, and finally took a .22 caliber pistol from a drawer and threatened to kill him. Appellant testified that at that moment he fired three shots at her with the .38 caliber pistol. The .22 caliber pistol was not fired. Both pistols were found lying next to the deceased. Before the fatal shooting appellant's three children ran to a neighbor's house crying that their father was beating their mother.

Appellant was arrested a short distance from the house, and the arresting officer testified to seeing no

scratches, cuts, bruises or other markings on appellant. A medical expert testified that the deceased died from multiple gunshot wounds, and that she had probably been choked as there were bruises and fingernail impressions on her throat. Expert testimony was introduced which tended to show that one shot was fired while the deceased was lying on the floor. After his arrest appellant made an incriminating statement to the police admitting the homicide.

After a close review of the evidence, we are convinced that it is sufficient to support the verdict. Although there was no witness to the shooting to contradict appellant's testimony, the evidence is uncontroverted that appellant committed the homicide. On review we do not pass on the weight of the evidence and if there is evidence to support the verdict and there is no error of law, the verdict will not be disturbed. *Proctor v. State,* 235 Ga. 720 (221 SE2d 556) (1975); *Sheppard v. State,* 235 Ga. 89 (218 SE2d 830) (1975).

2. During his instructions to the jury, the trial judge made the following charge: "The law presumes every homicide to be felonious until the contrary appears from circumstances of alleviation, or excuse or justification, and it is incumbent on the prisoner to make out by a preponderance of the evidence such circumstances to the satisfaction of the jury, unless they arise out of the evidence produced against him." Elsewhere in the charge the court made it clear that no person could be convicted unless there was proof that the act was committed intentionally and that such person will not be presumed to act with criminal intent.

Appellant contends that this charge is confusing, burden-shifting and an incorrect statement of the law. According to a long line of authority dealing with affirmative defenses, this contention is without merit. See *Abner v. State,* 233 Ga. 922 (213 SE2d 851) (1975); *Hewell v. State,* 232 Ga. 175 (205 SE2d 216) (1974); *Chandle v. State,* 230 Ga. 574 (198 SE2d 289) (1973); *Fisher v. State,* 228 Ga. 100 (184 SE2d 156) (1971). But, see *State v. Moore,* 237 Ga. 269 (1976).

*Judgment affirmed. All the Justices concur, except Gunter, Ingram and Hill, JJ., who dissent.*

SUBMITTED FEBRUARY 16, 1976 — DECIDED JUNE 29, 1976.

*Leon Green,* for appellant.
*Beverly B. Hayes, District Attorney, W. W. Larsen, Jr., Arthur K. Bolton, Attorney General, Isaac Byrd,* for appellee.

HILL, Justice, dissenting.
Although I concur in the first division of the opinion, I respectfully dissent as to the second division. I would adopt the decision of the Court of Appeals in *Moore v. State,* 137 Ga. App. 735 (224 SE2d 856) (1976), and *Johnson v. State,* 137 Ga. App. 740 (224 SE2d 859) (1976). See Smith v. Smith, 454 F2d 572 (5th Cir. 1971).
I am authorized to state that Justice Ingram joins in this dissent.