### 32080. MARSHALL et al. v. THE STATE.

BOWLES, Justice.

The appellants Marvin Marshall and Robert Mathis, Jr., were indicted for the offense of armed robbery. Following a joint trial, both appellants were found guilty as charged. Appellant Marshall received a fifteen-year sentence and appellant Mathis received an eleven-year sentence. Their motion for new trial was overruled, and

this appeal, alleging four procedural errors, was brought.

1. The appellants first contend that the trial court erred in failing to grant their request for additional time to review a transcript from the previous trial of a co-defendant. A pre-trial motion for discovery and to compel disclosure, submitted by appellants' counsel, was granted and the court ordered that a copy of the transcript from the former trial of appellants' co-defendant be made available. The appellants then presented a motion to recess until the next morning to give counsel time to review the evidence received. This motion was overruled, the trial court being of the opinion that the time from the overnight recess until the convening of court the next morning gave counsel sufficient time to prepare, because the transcript was from a trial of a co-defendant and was only ninety-two pages in length.

"All applications for continuance are addressed to the sound legal discretion of the court, and, if not expressly provided for, shall be granted or refused as the ends of justice may require." Code Ann. § 81-1419. A refusal to grant a continuance will not be disturbed by appellate courts unless it clearly appears that the judge abused his discretion in this regard. *Campbell v. State,* 231 Ga. 69 (200 SE2d 690) (1973); *Jackson v. Hopper,* 232 Ga. 419 (207 SE2d 58) (1974).

The case at bar is distinguishable from *Terrell v. State,* 136 Ga. App. 848 (222 SE2d 642) (1976), which is relied upon by appellant. In that case, counsel for defendant had requested the transcript from the court reporter, and it had not been prepared for delivery to him until shortly before 12 o'clock noon and he was scheduled for trial at 1:30 o'clock p.m. the same day. In the instant case, these defendants had been indicted for several months and the cases had been scheduled for trial at a special setting in the month of June 1975, at which time they were not tried but were postponed because of conflicts experienced by defendant's counsel. The transcript in question in this case had been prepared for more than 30 days prior to the date of trial, and defendant's counsel did not present or file his motion for discovery until the date the trial was to begin. Even then the trial judge gave him overnight to consider the record,

and also did not order the court to convene until 10 o'clock a.m. the next day. Additionally, defendants have not demonstrated how they were affected by the court's refusal of a continuance beyond the additional time allowed. If the record had been denied altogether, see *Wisdom v. State,* 234 Ga. 650, 652 (217 SE2d 244) (1975).

There appears to be no abuse of discretion by the trial court in this case. The appellants' first enumeration of error is without merit.

2. The appellants next contend that the trial court erred in failing to allow the voir dire of their trial to be recorded. At the beginning of the trial, before examination of the jurors had begun, the state announced it was not seeking the death penalty. At the beginning of the trial it was made clear to counsel that voir dire and arguments of counsel would not be a part of the record; therefore, the defendants' attorney ordered this to be taken down and transcribed *at the expense of defendants.* (Emphasis supplied.) The trial court, which allowed the appellants to proceed in forma pauperis for purposes of the record, then overruled the appellants' motion that the voir dire be transcribed at the state's expense.

In arguing that error was committed, the appellants rely heavily on *Owens v. State,* 233 Ga. 869, 873 (214 SE2d 173) (1975), which held, "failure to record the Witherspoon voir dire in a case in which the sentence of death is imposed is reversible error." The case now under review was not a case in which the death penalty was contemplated. Therefore, *Owens,* supra, is not controlling.

Although the complete voir dire questioning was not transcribed for the record, objections made by appellants' counsel during the voir dire and the court's ruling on those objections were preserved for the record. This was sufficient to protect any challenge the appellants might have had in a nondeath felony case.

Appellants show no harm done to them by the state's failure to record the whole voir dire proceedings. They cite no specific instance of prejudice or harm. "The burden is on him who asserts error to show it affirmatively by the record." *Kemp v. State,* 226 Ga. 506, 507 (175 SE2d 869) (1970). Where the appellants have failed to show harm or prejudice, we find no reversible error.

3. The appellants argue that a statement made by the district attorney in his final argument had the effect of violating their constitutional right to remain silent and right of immunity from comment by the prosecution upon exercise of this right not to testify in their own behalf. The trial judge, in overruling the objection, found and correctly so, that the remark made by state's counsel did not refer to appellants' failure to testify at trial, but referred to the issue of confessions which had been introduced into evidence.

In ruling on objections to opposing counsel's argument, the trial court is vested with certain discretion which will not be disturbed on appeal except in clear cases of abuse. *Wisdom v. State,* 234 Ga. 650, 655, supra; *Hill v. State,* 236 Ga. 703 (224 SE2d 907) (1976). On appeal, we must rely on the discretion of the trial judge who heard the statements made in the context of the entire argument. Remarks taken out of context can take on an entirely different meaning. We find no abuse of judgment by the trial judge in this instance and hold the appellants' third enumeration of error to be without merit.

4. In their fourth enumeration of error, the appellants argue that the trial court erred in overruling their amended motion for new trial. The amended motion for new trial was based on the errors which have been enumerated by appellants in this appeal. The evidence presented in the trial of this case was sufficient to support the verdict. The motion for new trial was properly denied. *Sheppard v. State,* 235 Ga. 89 (218 SE2d 830) (1975); *Powell v. State,* 235 Ga. 208 (219 SE2d 109) (1975); *Ridley v. State,* 236 Ga. 147 (223 SE2d 131) (1976); *Harris v. State,* 236 Ga. 766 (225 SE2d 263) (1976).

We affirm the judgment of the trial court.
*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 15, 1977 — DECIDED
MAY 25, 1977.

*King, Phipps & Associates, C. B. King,* for appellants.

*Claude N. Morris, District Attorney, Arthur K.*

*Bolton, Attorney General, Susan V. Boleyn, Staff Assistant Attorney General,* for appellee.

