## 32210. SCOTT v. THE STATE.

HALL, Justice.

Scott was convicted of the murder of his wife Lena, and sentenced to life in prison. On this appeal, he argues only that the evidence did not support the verdict, and that his new trial motion on the general grounds should have been granted. These contentions are without merit, and we affirm.

Scott's son Richard, an important witness for the state, testified that he and his father spent most of the day of the killing looking for Lena who had not come home when expected; that they finally found her and she and his father sat in the back seat of their automobile while he drove; that he listened to loud music while they argued about whether to go home, and cursed at each other; that he then heard a shot and turned around to find his father with a gun in his hand and his stepmother mortally wounded. The son then drove the automobile to the sheriff's office. The state's evidence also showed that Scott told the sheriff's wife that Lena regularly ran around from Thursday to Sunday instead of staying home with the children, and he was tired of it and wanted her dead and he shot her; and that he brought Lena's body to the sheriff's office rather than the hospital because he wanted the sheriff to investigate and he wanted her dead. He then told Officer Casey, the first officer on the scene, that he shot his wife because she wouldn't shut up. After receiving Miranda warnings he again said he shot her because he was tired of her running around. He later told the sheriff he shot her because she wouldn't quit running her mouth; and told a GBI agent that he killed her because he had enough of her affairs with other men. At no time in these conversations did Scott say anything about killing Lena in self-defense. The car had been searched by officers. No witness saw any gun or other weapon in Lena's possession or in her pocketbook or in the automobile. Scott's gun was the murder weapon and it was in his possession at all times.

At trial, Scott took the stand in his own behalf and testified that during the argument about whether to go home, Lena reached for her pocketbook and he shot her

because he knew she frequently carried a gun, and he thought she meant to shoot him.

The jury were charged on murder, voluntary manslaughter and self-defense.

This was a case where the jury could believe the state's evidence of an unprovoked and later admitted killing, or the defendant's claim of self-defense. They believed the state's evidence; there was ample competent evidence to support the jury's verdict; both enumerations of error are without merit. *Proctor v. State,* 235 Ga. 720 (221 SE2d 556) (1975); *Sheppard v. State,* 235 Ga. 89 (218 SE2d 830) (1975). Answering Scott's argument, it was not necessary for the state to show that Scott had previously threatened his wife, or planned the murder over a period of time. Code Ann. § 26-1101 (a).

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL, 8, 1977 — DECIDED MAY 25, 1977.

*John R. Turner,* for appellant.

*J. Lane Johnston, District Attorney, Arthur K. Bolton, Attorney General, Susan V. Boleyn, Staff Assistant Attorney General,* for appellee.